



## OPINION

No. 04-11-00590-CV

Mary **ZWEIG**, Individually and as Representative of the Estate of Stuart Zweig,
Appellant

v.

**SOUTH TEXAS CARDIOTHORACIC AND VASCULAR SURGICAL ASSOCIATES,
PLLC**; Dr. James R. Garrison, Jr., M.D.; Methodist Texsan Heart Hospital, fka Texsan Heart
Hospital; Methodist Healthcare System of San Antonio, Ltd.; and Methodist Healthcare
Ministries of South Texas, Inc.;
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-07163
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  April 11, 2012

AFFIRMED

        This is an appeal from summary judgments rendered in favor of appellees, South Texas

Cardiothoracic and Vascular Surgical Associates, PLLC; Dr. James R. Garrison, Jr., M.D.; San

Antonio Hospital Management, Inc.; Heart Hospital of San Antonio, L.P. d/b/a TexSan Heart

Hospital; Methodist Healthcare System of San Antonio, Ltd.; and Methodist Healthcare

Ministries of South Texas, Inc.  We affirm.

**BACKGROUND**

Appellee, Mary Zweig, is the daughter of Stuart Zweig, deceased. On December 8, 2008, Dr. James Garrison performed aortic valve replacement and bypass surgery on Mr. Zweig at TexSan Heart Hospital. Mr. Zweig remained a patient at TexSan Heart Hospital until December 23, 2008 when he was transferred to a long-term care facility at Kindred Hospital. Mr. Zweig died while at Kindred Hospital on April 29, 2009. Mary filed suit, individually and as personal representative of her father's estate, against all the appellees on April 29, 2011. Mary asserted Dr. Garrison was an employee and agent of all other appellees.

Each of the appellees alleged that all of the claims asserted by Mary arose from the care and treatment provided to Mr. Zweig from December 8, 2008 through (at the latest) December 23, 2008 in connection with his coronary artery occlusive disease, aortic stenosis, hypertension, and probable underlying chronic obstructive pulmonary disease. The Texas Civil Practice and Remedies Code requires a health care liability claim to be commenced "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). Civil Practice and Remedies Code section 74.051 provides that "[n]otice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice and this tolling shall apply to all parties and potential parties." *Id.* § 74.051(c).

In their motion for summary judgment, Dr. Garrison and South Texas Cardiothoracic and Vascular Surgical Associates, PLLC ("the Garrison appellees") asserted Mary's claims accrued on December 8, 2008, the date Dr. Garrison performed the surgery; therefore, even applying the tolling period of section 74.051, limitations expired on February 21, 2011. Alternatively, the

Garrison appellees argued that if Mary's claims accrued on December 23, 2008 (the date he was discharged from the hospital) and if proper notice was provided, limitations ran on March 8, 2011. The Garrison appellees asserted Mary did not provide the statutory notice until April 28, 2011 and she filed her suit on April 29, 2011; therefore, her claims were time-barred. The Garrison appellees also argued the open courts provision of the Texas Constitution did not apply because (1) this provision is applicable only to common law causes of action and Mary's wrongful death and survival claims based on medical malpractice are purely statutory in nature, and (2) Mary did not use due diligence in bringing her claims. Finally, the Garrison appellees argued Mary's fraudulent concealment defense to limitations failed because Dr. Garrison had no duty to disclose after the patient-physician relationship ended on December 23, 2008 and Mary knew before that date about any mental disability suffered by her father.

All other appellees asserted in their motions for summary judgment, that Mary's claims accrued on December 23, 2008, the date Mr. Zweig was discharged and ceased to be under their care. Therefore, according to these appellees, Mary was required to file her claims on or before December 23, 2010, but she did not do so until more than two years after any alleged negligence occurred. These appellees also argued that because Mary did not provide the required statutory notice of her claims until after limitations had expired, limitations was not tolled by section 74.051.

Mary responded to the motions for summary judgment by arguing limitations were tolled because her father was mentally incapacitated for a period of 127 days from the date of his December 8, 2008 surgery to the date of his April 29, 2009 death.[1] Mary argued section 74.251 created an "impossible" condition in conflict with the open courts provision because section

---

[1] Appellees raised a variety of objections to allegations in Mary's summary judgment affidavit regarding Mr. Zweig's mental condition following his surgery. The trial court sustained the objections on only one basis: "At most, this assertion is no more than a factual conclusion without underlying factual support."

74.251 required a mentally incompetent person to file suit when that person was incapable of doing so. The trial court agreed with the appellees and rendered take-nothing judgments in their favor. This appeal by Mary ensued.

### DISCUSSION

We first address Mary's argument that her father was unable to file suit during the 127 days following his surgery because of his mental incompetence and requiring her, as his survivor, to file suit in the remaining time based on the date of his surgery, rather than on the date of his death, contradicts the statute of limitations for a wrongful death claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b) (West 2002) (generally, wrongful death claims are subject to a two-year limitations period that begins on the date of death). This argument was considered and rejected by the Texas Supreme Court in *Bala v. Maxwell*, 909 S.W.2d 889 (Tex. 1995). In *Bala*, at issue were two statutes of limitations, one governing wrongful death actions and the other section 74.251's predecessor governing healthcare liability claims. *Id.* at 892. When, in a wrongful death action based on medical negligence, there arose a question as to when the limitations period began—from the date of death or the date of the alleged breach—the Texas Supreme Court cited the "notwithstanding any other law" language in section 74.251's predecessor and concluded it governed, meaning that the limitations period commenced on the date of the alleged breach and not on the date of death. *Id.* at 892-93. Therefore, section 74.251's limitations period began to run from the date of Mr. Zweig's surgery and applies to Mary's wrongful death claim, as well as her survivor claim. Accordingly, as to both claims, we next address Mary's open courts challenge.

The Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, and his lands, goods, person or reputation, shall have remedy by due course of

law." TEX. CONST. art. I, § 13. This provision, known as the "open courts" provision, is premised upon the rationale that the Legislature has no power to create a remedy by due course of law that is contingent upon an "impossible condition." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990).

Mary argues the limitations period contained in section 74.251 conflicts with the open courts provision because it creates an "impossible condition" by requiring an individual who lacks mental capacity and has no legal guardian to file suit within two years of the date of surgery. In order to establish an "open courts" violation, a litigant must satisfy a two-part test: (1) she must show that she has a well-recognized common-law cause of action that is being restricted by a statute and (2) she must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Lucas v. United States*, 757 S.W.2d 687, 690 (Tex. 1988); *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).

Mary's underlying wrongful-death and survival actions would not exist absent legislative enactment; therefore, they are derived not from the common law but from a statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002, 71.004, 71.021 (West 2008); *see also Bala*, 909 S.W.2d at 893. Thus, Mary cannot prove at least one element of her open courts argument—*i.e.*, that she is pursuing common-law claims. "Because [Mary has] have no common law right to bring either a wrongful death or survival action, [she] cannot establish an open courts violation." *Bala*, 909 S.W.2d at 893.

Finally, in an effort to save her claims from being barred by the two-year-limitations period, Mary points to the ten-year statute of repose contained in subsection (b) of section 74.251

as support for her argument that her suit was timely filed.[2] Section 74.251's statute of repose requires a claimant to "bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred." TEX. CIV. PRAC. & REM. CODE § 74.251(b). Mary's reliance on subsection (b) is misplaced because she is confusing a statute of limitations with a statute of repose.

Section 74.251(b) is a statute of repose, not a statute of limitations, and "there are significant differences between the two." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009). "Generally, a statute of repose specifies a longer period than that found in the statute of limitations applicable to the same cause of action." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010). "Statutes of repose begin to run on a readily ascertainable date, and unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral." *Id.* "[T]he key purpose of a repose statute is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions, except perhaps those clear exceptions in the statute itself." *Id.*; *Galbraith Eng'g*, 290 S.W.3d at 866 (purpose of a statute of repose is to provide "absolute protection to certain parties from the burden of indefinite potential liability"). Thus, statutes of limitations operate procedurally to bar the enforcement of a right while a statute of repose takes away the right altogether thereby creating a substantive right to be free of liability after a specified time. *Rankin*, 307 S.W.3d at 287.

---

[2] In her response to the motions for summary judgment, Mary also raised the seventy-five days provided in section 74.051, but she does not raise this argument on appeal. In her response, Mary states only as follows: "Section 74.051 provides an additional seventy five (75) days of tolling beyond the ultimate statute of limitations. As there is a dispute here as to the final date, either 74.051 provides an additional time period or it does not. This examination is irrelevant to the primary determination and need not be addressed." Mary provided the statutory notice on April 28, 2011, long after limitations had expired.

Section 74.251(a)'s two-year statute of limitations mandates that all health care claims be brought within two years. Subsection (b)'s statute of repose merely provides a point in time at which potential defendants are free of liability. Mary argues that performance of the "impossible act" of filing suit while incompetent is "unreasonable," and the limitations of ten years contained in the statute of repose applies. We disagree. As stated above, a plaintiff may not choose the most favorable date that falls within section 74.251's three categories. *Shah*, 67 S.W.3d at 841; *Bala*, 909 S.W.2d at 891. Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date. *Shah*, 67 S.W.3d at 841. Therefore, limitations began to run on December 8, 2008 and expired two years, not ten years, later.

## CONCLUSION

We overrule Mary's issues on appeal and affirm the trial court's summary judgments in favor of the appellees.

Sandee Bryan Marion, Justice