

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00725-CV

David Allan **EDWARDS**,
Appellant

v.

Gerald B. **PHILLIPS**, M.D.,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-02-0185-CVA-A
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:      Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  April 29, 2015

AFFIRMED

Appellant David Allan Edwards appeals the trial court's grant of summary judgment in favor of appellee Gerald B. Phillips, M.D.  On appeal, Edwards contends the trial court erred in granting summary judgment because: (1) he failed to receive proper notice of the summary judgment hearing; (2) the trial court based its summary judgment on "inadmissible pleadings"; (3) it improperly sustained Dr. Phillip's objection to an affidavit Edwards attached to his response to the motion for summary judgment; and (4) the statute of repose does not bar his claim against Dr.

Phillips because he did not assert a health care liability claim, and even if he did, his claim was tolled by the discovery rule and fraudulent concealment. We affirm the summary judgment.

## BACKGROUND

In early 2012, Edwards, a pro se inmate, brought suit against the County of Atascosa, the District Attorney of Atascosa County, the "Judge over Court," and the Sheriff of Atascosa County. In April 2012, Edwards added Dr. Phillips and the Commissioners Court of Atascosa County as defendants.

In his suit, Edwards alleged he was taken from a medical facility, where he was treated for "wounds [he] suffered from the stabbing related to [a criminal offense]," to the Atascosa County Jail. Edwards claimed he was prescribed certain medications, but once he reached the jail, he was "taken off [his] medications and given a host of narcotics [he] had never taken before." He claimed he was heavily sedated prior to his criminal trial "by order of the jail administration by and through a Dr. Phillips and Jail Nurse Martha Yanas LVN." Edwards asserted he never consented to the treatment, which he claims was provided without any evaluation or explanation of the possible side effects or health hazards associated with the medications.

As to Dr. Phillips specifically, Edwards stated the only time he met Dr. Phillips was when he was taken to have his stitches removed. He claimed that thereafter, and without a medical evaluation, psychological evaluation, or discussion, Dr. Phillips prescribed "large doses of Valium, Ambien and Effexor XR and other drugs." These drugs were dispensed at the jail by the nurse. Edwards alleged the "psychotropic cocktails" prescribed by Dr. Phillips resulted in extreme anxiety, confusion, and negative behavior.

Edwards claimed he was medicated by Dr. Phillips at the insistence of jail administrators so he could be "handled" while awaiting trial. Moreover, the continued "illegal forced" sedation, along with other acts and omissions by his court-appointed counsel and other defendants in the

suit, rendered him unable to assist in his defense, resulting in an involuntary guilty plea. Edwards claimed Dr. Phillips and the other defendants engaged in a conspiracy to deny Edwards his due process rights by illegally medicating him and failing to provide him with adequate and professional medical care.

Ultimately, Dr. Phillips filed a motion for summary judgment and a motion for severance. In his summary judgment motion, the doctor asserted Edwards's claim against him was nothing more than a health care liability claim ("HCLC"), and such claim was barred by the ten-year statue of repose set out in section 74.251(b) of the Texas Civil Practice and Remedies Code ("the Code"). Edwards filed a response to the motion for summary judgment, asserting fraudulent concealment and the discovery rule and arguing the statute of repose is inapplicable because he alleged a due process claim, not a HCLC, and his due process claim is not subject to the statute of repose. Dr. Phillips filed a reply to Edwards's response in which, among other things, he objected to an exhibit attached to the response.

The trial court held a hearing on Dr. Phillips's motion on September 26, 2013. Edwards appeared by telephone and objected to the hearing, claiming he was not notified of the hearing until the day before. He also complained about the timing of Dr. Phillips's objection to the affidavit submitted as part of Edwards's summary judgment evidence. After hearing argument on notice, Dr. Phillips's objection to Edwards's summary judgment evidence, and the motion for summary judgment itself, the trial court orally sustained Dr. Phillips's objection to the affidavit attached to Edwards's response and granted the motion for summary judgment. Ultimately, the trial court rendered a written order memorializing its verbal rulings and granting Dr. Phillips's motion to sever. Edwards then perfected this appeal.

## ANALYSIS

Based on our review of Edwards's pro se brief, it appears he raises four challenges to the trial court's summary judgment, arguing: (1) he failed to receive proper notice of the summary judgment hearing; (2) the trial court based its summary judgment on "inadmissible pleadings"; (3) the trial court improperly sustained Dr. Phillips's objection to an affidavit Edwards attached to his summary judgment response; and (4) the trial court erred in granting summary judgment because the statute of repose does not bar his claim against Dr. Phillips because he has not asserted a HCLC, but a due process claim with continuing harm, and even if he asserted a HCLC, the claim was tolled by the discovery rule and fraudulent concealment. We will review each complaint in turn.

### *Lack of Notice*

Edwards first contends he did not receive timely "official" notice of the summary judgment hearing. He claims he did not receive notice of the September 26, 2013 hearing until 5:20 p.m. the day before the hearing. Edwards states two prison officials advised him they first received notice of the hearing from Atascosa County officials at 4:00 p.m. on September 25, 2013. He asserts that because of the late notice, he was unable to adequately prepare for the hearing, "creating egregious harm and affecting the outcome of the hearing." Dr. Phillips counters, arguing Edwards received timely notice, and even if he did not, he waived any complaint on this issue.

Rule 166a(c) provides a summary judgment motion, supporting affidavits, and notice of hearing must be served on the adverse party at least twenty-one days before any hearing on the motion. TEX. R. CIV. P. 166a(c). When a motion for summary judgment is served by mail, three days must be added to the twenty-one day period prescribed by Rule 166a(c). *See id.* R. 4, 21a(c). Service by mail is complete when the motion for summary judgment is deposited in the mail in a postpaid and properly addressed envelope. *Id.* R. 21a(b)(1). Thus, when a summary judgment motion is served by mail, it may be heard on the twenty-fourth day after it is served. *Mayzone v.*

*Missionary Oblates of Mary Immaculate of Tex.*, No. 04-13-00275-CV, 2014 WL 3747249, at *2 (Tex. App.—San Antonio July 30, 2014, pet. denied) (mem. op.) (citing *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994)). Lack of proper notice to the nonmovant of the hearing violates his due process rights. *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied).

It is undisputed, and the record establishes, that on August 30, 2013, Dr. Phillips sent his motion for summary judgment to the Atascosa County Clerk for filing; the motion was file-stamped on September 3, 2013. In addition to the motion, Dr. Phillips included a "Notice of Hearing," requesting a setting on his motion for September 26, 2013. Edwards and counsel for the other defendants were sent copies of these documents. Phillips sent the motion to Edwards by certified mail, return receipt requested. According to the certificate of service, the motion and the notice were deposited in the mail on August 30, 2013. The record establishes Edwards received the motion and notice of hearing on September 3, 2013; he signed and dated the green card, establishing receipt of the motion and notice.

Given the documents — the motion and notice of hearing — were deposited into the mail on August 30, 2013, any summary judgment hearing would have to be held no sooner than September 23, 2013. *See Mayzone*, 2014 WL 3747249, at *2. The hearing was held on September 26, 2013, three days beyond the minimum required by the rules. Accordingly, we hold Edwards received timely notice of the summary judgment hearing.

Edwards suggests that because the notice came from Phillips as opposed to the trial court, the September 26, 2013 date was nothing more than a "wish for a date" as Phillips never sent anything "signed or stamped" by the trial court, and the court never sent any "official" notice. Edwards is under the impression that a notice of a summary judgment hearing is insufficient unless sent by the court. Edwards is incorrect.

Numerous appellate courts, including the Texas Supreme Court, have held that a letter or notice requesting a specific date for a hearing, at least when a copy of the letter is sent to the opposing parties, is itself sufficient notice of the hearing date. *See, e.g., Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding that letter requesting trial setting that was sent to opposing party was sufficient notice of trial because it is reasonable to assume that if trial setting is requested, litigant is put on notice that trial may be on requested date); *Jimmy J. Kelly v. Am. Interstate Ins. Co.*, No. 014-07-00083-CV, 2008 WL 5085138, at *3 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, pet. denied) (mem. op.) (holding that letter, accompanied by venue motion and unsigned order, was sufficient to provide actual notice of venue hearing); *West v. Maintenance Tool & Supply Co., Inc.*, 89 S.W.3d 96, 102 (Tex. App.—Corpus Christi 2002, no pet.) (holding that notice of summary judgment hearing served by opposing counsel was sufficient even though it was not signed by trial court and included only proposed date for hearing); *Goode v. Avis Rent-A-Car*, 832 S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding that unsigned order setting hearing date on summary judgment motion was sufficient to provide notice of hearing to nonmovant). As noted above, Dr. Phillips sent a copy of the motion with a notice of setting, which included a proposed hearing date of September 26, 2013. We hold this was sufficient to provide Edwards the required notice pursuant to Rule 166a(c). *See West*, 89 S.W.3d at 102; *Goode*, 832 S.W.2d at 204. Moreover, Edwards mailed his summary judgment response on September 13, 2013, ten days after he signed the green card, indicating receipt of the motion for summary judgment and notice of hearing, and he attended the hearing telephonically. This establishes Edwards had actual notice of the hearing date.[1] *See Goode*, 832 S.W.2d at 204 (holding

---

[1] At the beginning of his appellate brief, Edwards suggests that as a pro se litigant, he is subject to less stringent standards as those applicable to licensed attorneys. We disagree. Pro se litigants are held to the same standards as licensed attorneys. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied). Otherwise, pro se litigants would benefit

that where summary judgment nonmovant timely filed response to summary judgment motion, sufficient notice was established despite trial court's failure to sign notice); *cf. Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 197 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that primary purpose of Rule 166a(c) notice requirement is to allow nonmovant to calculate date on which response is due). Accordingly, the trial court did not err in granting summary judgment based on an alleged lack of notice.

Moreover, even if the notice were somehow inadequate, Edwards has waived any right to complain. Untimely notice of a summary judgment hearing is a nonjurisdictional defect. *Balderas v. Saenz*, 04-11-00873-CV, 2013 WL 346183, at *2 (Tex. App.—San Antonio Jan. 30, 2013, pet. denied) (mem. op.) (citing *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied)). If the nonmovant receives sufficient notice to allow him to attend the summary judgment hearing, he must file a written motion for continuance or otherwise present the complaint in writing, supported by affidavit evidence, and raise the issue during the summary judgment hearing. *Id.* Here, Edwards attended the summary judgment hearing — albeit telephonically due to his incarceration — and although he raised the issue at the hearing, he did not file a motion for continuance or otherwise raise the complaint in writing, supported by affidavit evidence. Accordingly, Edwards has waived any complaint with regard to insufficient notice. *See id.*

### *"Inadmissible Pleadings"*

Edwards contends the trial court erred in granting summary judgment in favor of Dr. Phillips in part because the judgment was based on "inadmissible pleadings." It seems Edwards

---

from an unfair advantage over parties represented by counsel. *Valadez*, 238 S.W.3d at 845; *Shull*, 4 S.W.3d at 52–53. Thus, that Edward might have been unaware of the law regarding sufficiency of notice of summary judgment hearings is immaterial. Edwards's pro se status does not entitled him to any notice greater than that due to those represented by counsel.

is complaining about the trial court's consideration of Dr. Phillips's reply to Edwards's response to the motion for summary judgment. In the reply, Dr. Phillips included an objection to an affidavit attached to Edwards's summary judgment response, which the trial court sustained. Edwards argues the trial court should not have considered the reply because it was untimely, having been filed the day of the summary judgment hearing. Edwards contends objections to summary judgment affidavits must be made at least three days before the summary judgment hearing.

In support of his contention, Edwards relies on *McConnell v. Southside Indep. Sch. Distr.*, 858 S.W.2d 337 (Tex. 1993). He argues that under the holding in *McConnell*, a movant must file objections to a non-movant's affidavit evidence at least three days prior to the summary judgment hearing. The supreme court held in *McConnell* that under Rule 21 of the Texas Rules of Civil Procedure, a summary judgment movant must file and serve any "exceptions" to the nonmovant's response not less than three days prior to the summary judgment hearing. 858 S.W.2d at 343 n.7. The court explained that "exceptions" are used when a movant or nonmovant believes grounds relied upon in a summary judgment motion or response are unclear or ambiguous. *Id.* at 342.

Based on our reading of *McConnell*, the supreme court did not hold that "objections" to summary judgment evidence had to be filed three days prior to a summary judgment hearing. *See id.* at 342–43. Rather, the court simply held that if the movant was confused regarding the issues presented by the nonmovant in its response, the confusion could be resolved by filing special exceptions and such exceptions must be filed three days prior to the hearing. *See id.* Our interpretation of *McConnell* is supported by the decision in *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied).

In that case the appellants argued, just as Edwards does here, that the trial court erred in sustaining the summary judgment movants' objections to certain summary judgment evidence relied upon by the appellants, including one of their affidavits, because the objections were

untimely. *Id.* They too argued that *McConnell* required the movants to file their objections at least three days prior to the summary judgment hearing. *Id.* After reviewing *McConnell*, the Fort Worth Court of Appeals rejected the appellants' argument, holding the movants did not file "exceptions" to the nonmovants' response; rather, the movants filed "objections" to the competency of the nonmovants' summary judgment evidence. *Id.* The court held *McConnell's* holding was directed at the filing of exceptions used to clarify summary judgment grounds, not objections challenging the competency of summary judgment evidence. *See id.* The court pointed out that Rule 166a(c) does not impose a deadline by which a movant must file its reply, including objections, to a nonmovant's summary judgment response, and the court declined to impose one. *Id.*; *see also* TEX. R. CIV. P. 166a(c).

Based on our review of *McConnell* and the language in Rule 166a(c), we agree with the *Shelton* court and hold a summary judgment movant is not required to file objections to the competency of evidence attached to a nonmovant's response three days before the summary judgment hearing. *See* TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 343; *Shelton*, 144 S.W.3d at 119; *see also Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 521 (Tex. App.—Dallas 2007, no pet.) (holding that movant's objections to competency of nonmovant's summary judgment evidence were timely when filed on day of summary judgment hearing and could be considered and ruled on by trial court). The same analysis set forth in *Shelton* applies here. In his reply, Dr. Phillips did not contend the issues set forth in Edwards's summary judgment response were ambiguous or confusing; rather, he objected to the competency of a summary judgment affidavit relied upon by Edwards. Accordingly, we hold the objection was timely filed and the trial court could consider and rule on it.

### *Objection to Affidavit*

Edwards also complains that even if Dr. Phillips's objection to the affidavit was timely, the trial court erred in sustaining the objection. The affidavit in question is a 2003 affidavit signed by Dr. Phillips.[2] Edwards seems to argue the trial court erred in sustaining the objection to the affidavit because the affidavit is "within the guidelines of allowable evidence," meeting all requirements for the form of an affidavit. Dr. Phillips objected to the affidavit on the several grounds: (1) the affidavit does not show the affiant is competent to make the affidavit; (2) the affidavit does show it is based on personal knowledge; and (3) the affidavit does not establish it is true and correct.

A trial court's ruling on an objection to summary judgment evidence is reviewed for an abuse of discretion. *Estate of Denman*, 362 S.W.3d 134, 140 (Tex. App.—San Antonio 2011, pet. denied); *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 569 (Tex. App.—Amarillo 2013, pet. denied). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner, that is, if it acts without reference to guiding rules or principles of law. *Denman*, 362 S.W.3d at 140–41. To obtain a reversal for an improper admission or exclusions of evidence, the complaining party must establish the error was calculated to cause and probably did cause the rendition of an improper judgment. *Id.*; *see* TEX. R. APP. P. 44.1(a). Generally, errors relating to the admission or exclusion of evidence will not entitle an appellant to reversal unless the appellant can show the entire case turns on the evidence complained of. *Denman*, 362 S.W.3d at 141.

Rule 166a(f) of the Texas Rules of Civil Procedure requires that affidavits supporting or opposing a summary judgment motion must be made on personal knowledge and "shall set forth

---

[2] The affidavit to which Dr. Phillips objected is an affidavit he signed in 2003. It is not the affidavit prepared by Dr. Phillips in 2013 and filed in support of his summary judgment motion. It is unclear from either the record or the briefs why the 2003 affidavit was created or for what purpose. Edwards states in his brief that Dr. Phillips "was ordered to submit his affidavit." However, we can find no order requiring such an affidavit.

such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (quoting TEX. R. CIV. P. 166a(f)); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (same). Thus, for a summary judgment affidavit to have probative value, the affiant must establish competency, and aver that the facts in the affidavit are within his personal knowledge. *Kerlin*, 274 S.W.3d at 668. However, a simple averment of personal knowledge is not enough; rather, the affiant must show a basis for his knowledge, explaining how he has such knowledge. *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988) (per curiam); *SouthTex 66 Pipeline Co., Ltd. v. Spoor*, 283 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). The position or job responsibilities of the affiant may establish his personal knowledge and how he obtained it, but he should also explain how he learned of the facts — perhaps through his job duties. *Valenzuela*, 317 S.W.3d at 553. Without proof of personal knowledge, the affidavit is incompetent and it cannot be said the facts stated therein are true and correct. *See Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 510 (Tex. App.—El Paso 2010, no pet.). An affidavit that fails to establish a basis for personal knowledge is legally insufficient, i.e., no evidence. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Jennings*, 750 S.W.2d at 762.

Here, Dr. Phillips's affidavit states, in its entirety:

> I, Gerald B. Phillips, M.D., having been duly sworn, deposes and says:
>
> "My name is Gerald B. Phillips, M.D. I am licensed to practice medicine in the State of Texas and have had a private practice in Pleasanton for the past 40 years. My practice specialty is Family Practice, Board Certified by the American Academy of Family Practice.
>
> I have reviewed David Edwards' [sic] medical records while he was in Atascosa County Jail. He was on Ambien, a sleep medication, once at night and Valium 10

mg t.i.d. as needed. He was definitely not medicated in excess. He asked for these medications to calm his anxiety.

We usually do not give the medications on request but because he was such a problem to our jailer, we gave them to calm him and make the jailer better able to handle him.

The evidence he was not over medicated was that at all times he was lucid and able to carry on a good intelligent conversation. I did visit with him on one occasion and had frequent communication with our jail nurses that kept me well informed of his status."

The affidavit fails to establish Dr. Phillips's competency or personal knowledge. Dr. Phillips does not include any job title job description, or job duties that might establish how he is familiar with, or gained knowledge of, the facts to which he refers. He merely states he has been a family doctor in Pleasanton for many years — he does not even include a conclusory statement that he is competent and has personal knowledge of the facts. Thus, he did not establish how he learned of the facts to which he testified. Dr. Phillips stated he reviewed Edwards's medical records, but does not identify how he was authorized to do so or exactly what medical records he reviewed — those created before Edwards was incarcerated, those created during incarceration? Moreover, Dr. Phillips includes no statement regarding the truth of the statements in the affidavit, failing to include an averment that the statements in the affidavit are true and correct. *See Kerlin*, 274 S.W.3d at 668.

Accordingly, because the affidavit fails to: (1) assert or establish the statements within are true and correct; (2) affirmatively show how Dr. Phillips could have personal knowledge about Edwards's medication situation while he was incarcerated; and (3) establish his competence to testify about these matters, we hold the trial court did not abuse its discretion in sustaining the objection to the affidavit. *See id.* We note that Dr. Phillips's admission that he signed and swore to the affidavit does not make it proper summary judgment evidence.

However, even if we were to hold the trial court erred in sustaining the objection to the affidavit, we hold Edwards has not shown the exclusion of the affidavit resulted in the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Denman*, 362 S.W.3d at 140–41. As we explain below, Edwards's claim is a HCLC to which the ten-year statute of repose is applicable — and to which fraudulent concealment and the discovery rule are inapplicable. Dr. Phillips's 2003 affidavit does not establish or even suggest Dr. Phillips treated or saw Edwards less than ten years before Edwards brought suit against him, which is the only pertinent issue for summary judgment.

### *Summary Judgment: HCLC v. Due Process Claim*

Now, we address the crux of Edwards's appellate complaint. Dr. Phillips's summary judgment motion is based on his assertion that Edwards's claim against him is a HCLC under Chapter 74 of the Texas Civil Practice and Remedies Code ("the Code") and the ten-year statute of repose found in section 74.241(b) of the Code bars the claim. Edwards counters, arguing the statute of repose does not bar his claim against Dr. Phillips because he did not assert a health care liability claim, and even if he did, his claims were tolled by the discovery rule and fraudulent concealment.

### *Standard of Review*

Dr. Phillips filed a traditional motion for summary judgment, asserting Edwards's claim was barred by the statute of repose set forth in section 74.251(b) of the Medical Liability Act. *See* TEX. R. CIV. P. 166a(c); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b) (West 2011). Appellate courts review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2006). A traditional summary judgment motion is properly granted when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We must view the evidence in the light most favorable

to the nonmovant, crediting favorable inferences if reasonable fact finders could do so, and disregarding contrary evidence unless reasonable fact finders could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When a defendant moves for summary judgment based on an affirmative defense, such as the statute of repose, he has the burden to prove each essential element of that defense. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Hood*, 924 S.W.2d at 121.

*Application*

As noted, a statute of repose is an affirmative defense. *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (quoting *Hood*, 924 S.W.2d at 121). Statutes of repose provide, in essence, "a definitive date beyond which an action cannot be filed." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009) (citing *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003)). Although a statute of repose limits a plaintiff's ability to bring a claim much like a traditional statute of limitations provision, "[u]nlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action." *Galbraith Eng'g*, 290 S.W.3d at 866 (quoting *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994)). Thus, repose differs from limitations in that a statute of limitations procedurally bars the enforcement of a right, but a statute of repose takes away the right completely, creating a substantive right to be free of liability after a specified time. *Galbraith Eng'g*, 290 S.W.3d at 866 (citing *Trinity River Auth.*, 889 S.W.2d at 261). Moreover, a statute of repose, unlike a statute of limitations, is not subject to judicially crafted rules of tolling or deferral such as the discovery rule or the doctrine of fraudulent concealment. *See Zweig v. S. Tex. Cardiothoracic & Vascular Surgical Assocs., PLLC*, 373 S.W.3d 605, 609 (Tex. App.—San Antonio 2012, no pet.) (quoting

*Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010)).

Section 74.251(b) is a statute of repose. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b) (stating subsection (b) is intended as statute of repose); *Zweig*, 373 S.W.3d at 609. Section 74.251(b) provides that a HCLC must be brought "not later than 10 years after the date of the act or omission that gives rise to the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b).

Essentially, Edwards alleged Dr. Phillips failed to properly evaluate, diagnose, and treat Edwards. More specifically, he claimed Dr. Phillips prescribed "a host of narcotics" without a physical or mental evaluation, resulting in improper sedation that affected Edwards's ability to assist in his criminal trial. He asserted Dr. Phillips never explained the side effects or hazards of the prescribed medications, nor did he follow up with Edwards. In his motion for summary judgment, Dr. Phillips alleged these claims — which he described as HCLCs — were barred by the ten-year statute of repose in section 74.251(b). In support of his motion, Dr. Phillips attached his affidavit in which he averred he only "treated, saw, or prescribed medications to" Edwards when Edwards was incarcerated in the Atascosa County Jail. He testified he "never saw, treated, or prescribed medication to" Edwards after he was transferred from the Atascosa County Jail to a unit in the Texas Department of Criminal Justice—Institutional Division on November 6, 2000. Dr. Edwards also produced as summary judgment evidence the affidavit of Martin Gonzales, the Jail Administrator and Custodian of Records for the Atascosa County Sheriff's Office. Administrator Gonzales authenticated jail records attached to his affidavit and stated the records establish that Edwards was:

● Placed into the Atascosa County Jail on April 18, 1999, based on the offense of aggravated robbery with a deadly weapon;

● Transferred out of the Atascosa County Jail and into the custody of the Blanco County Jail on September 29, 1999, pursuant to a bench warrant;

●Returned to the custody of the Atascosa County Jail on October 1, 1999;

●Transferred out of the Atascosa County Jail and into the custody of the Garza West Unit of the Texas Department of Criminal Justice—Institutional Division on February 29, 2000;

●Returned to the custody of the Atascosa County Jail on October 23, 2000, pursuant to a bench warrant based on the prior offense of aggravated robbery with a deadly weapon; and

●Transferred out of the Atascosa County Jail and into the custody of the Garza West Unit of the Texas Department of Criminal Justice—Institutional Division on November 6, 2000.

Administrator Gonzales concluded by testifying that the last date on which Edwards was incarcerated in the Atascosa County Jail was November 6, 2000; Edwards was "never again incarcerated in the Atascosa County Jail after November 6, 2000." The record establishes Edwards filed suit against Dr. Phillips on April 5, 2012 — and the court took judicial notice of this fact.

Thus, we hold Dr. Phillips established as a matter of law that he only saw Edwards while he was incarcerated in the Atascosa County Jail and the incarceration ended on November 6, 2000. It is undisputed and the record establishes Edwards did not file suit against Dr. Phillips until April 5, 2012, more than ten years after the last date upon which Dr. Phillips could have possibly provided any healthcare to Edwards. Accordingly, we hold Dr. Phillips established as a matter of law that the statute of repose of section 74.251(b) barred Edwards's action against him, entitling Dr. Phillips to summary judgment.

Edwards does not dispute Dr. Phillips's evidence or his timeline drawn therefrom. Rather, as we have previously stated, Edwards contends his claim against Dr. Phillips is not a HCLC; he argues, among other things, his claim is a due process claim that is not subject to the statute of repose in section 74.251(b). We disagree.

In determining whether a claim is a health care liability claim, we must engage in statutory construction, which is a question of law. *Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 757 (Tex. 2014); *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012); *Lopez v. Osuna*, 453 S.W.3d 60, 64 (Tex. App.—San Antonio 2014, no pet.). When appellate review is based on a question of law, we apply a de novo standard of review. *Sok*, 426 S.W.3d at 757; *Tex. W. Oaks Hosp.*, 371 S.W.3d at 177; *Osuna*, 453 S.W.3d at 64. When we construe a statute, we give effect to the intent of the Legislature. *Sok*, 426 S.W.3d at 757; *Tex. W. Oaks Hosp.*, 371 S.W.3d at 177; *Osuna*, 453 S.W.3d at 64. According to the Texas Supreme Court, the chief indicator of legislative intent is found within the plain meaning of a statute's text. *Sok*, 426 S.W.3d at 757–58; *Tex. W. Oaks Hosp.*, 371 S.W.3d at 177; *see Osuna*, 453 S.W.3d at 64. Based on the broad language of the Medical Liability Act, the Legislature's intent was for the statute to have "have expansive application." *Sok*, 426 S.W.3d at 758; *see Osuna*, 453 S.W.3d at 64.

Chapter 74 defines a "health care liability claim" as:

A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2014). Thus, there are three elements in a healthcare liability claim: (1) the defendant is a physician or health care provider; (2) the claims concern treatment, lack of treatment, or some other departure from accepted standards of medical care, health care, or safety; and (3) the defendant's alleged act or omission proximately caused the claimant's injury or death. *Sok*, 426 S.W.3d at 758; *Osuna*, 453 S.W.3d at 65; *Tex. Laurel Ridge Hosp., L.P. v. Almazan,* 374 S.W.3d 601, 606 (Tex. App.—San Antonio 2012, no pet.). There is no dispute that Dr. Phillips is a licensed physician — Edwards pled as much. Accordingly, we need only determine whether Edward's claims concern his treatment, lack

- 17 -

of treatment, or some other departure from accepted standards of medical care or health care, and whether Dr. Phillip's alleged actions or inactions caused the injuries of which Edwards complains. *See Sok*, 426 S.W.3d at 758; *Almazan*, 374 S.W.3d at 606.

To determine whether Edwards's claim is based on Dr. Phillips's treatment, lack of treatment or some other departure from accepted standards of "medical care, or health care, or safety or professional or administrative services directly related to health care," we must examine the underlying nature of his claim. *See Almazan*, 374 S.W.3d at 606; *Osuna*, 453 S.W.3d at 66–67. We are not bound by the form of Edwards's pleading or his characterization of his claims as due process claims. *See Almazan*, 374 S.W.3d at 606; *Osuna*, 453 S.W.3d at 67. The supreme court does not permit a plaintiff, through artful pleading, to avoid the mandates of Chapter 74 by recasting a HCLC as some other cause of action. *See, e.g., Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 845 (Tex. 2005) (holding patient's claim based on sexual assault by another patient caused by nursing home's negligence in failing to provide adequate supervision was health care liability claim); *Murphy v. Russell*, 167 S.W.3d 835, 839 (Tex. 2005) (holding claims doctor sedated patient after expressly representing and warranting he would not, could not be recast as DTPA claim); *Osuna*, 453 S.W.3d at 69 (holding claimant's assertion that midwife violated DTPA and engaged in fraud and misrepresentation was in actuality health care liability claim); *but see Sorokolit v. Rhodes*, 889 S.W.2d 239, 242–43 (Tex.1994) (holding plastic surgeon's promise that patient's appearance after surgery would be identical to specific photography was actionable under DTPA).

Chapter 74 defines "health care" as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10). In addition to determining the underlying nature of the claim when

determining whether a cause of action is a HCLC, we also look to whether expert medical or health care testimony is necessary to prove or refute the merits of the plaintiff's claim. *Sok*, 426 S.W.3d at 760; *Almazan*, 374 S.W.3d at 607.

Edwards pled, as to Dr. Phillips, that:

• Dr. Phillips was the responsible physician at the Atascosa County Jail;
• Edwards met with Dr. Phillips once, for ten minutes, when he was taken to Dr. Phillips to have stitches removed;
• Dr. Phillips illegally prescribed Edwards "large doses of Valium, Ambien, and Effexor XR and other drugs";
• Dr. Phillips failed to evaluate Edwards physically or mentally before or after prescribing narcotics for Edwards;
• Dr. Phillips failed to diagnose Edwards with any disorder prior to prescribing the narcotics;
• Dr. Phillips failed to explain the possible side effects or health hazards associated with the prescribed narcotics;
• Edwards never consented to the sedation; and
• Edwards was heavily sedated prior to trial by Dr. Phillips;

Upon review of these allegations and the factual allegations supporting same, we hold Edwards's claims are undeniably health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). The essence of Edwards's claim against Dr. Phillips stems from the base allegation that Dr. Phillips improperly prescribed narcotics to Edwards. As recognized by this court, improperly or unnecessarily prescribing medication for a patient is provision of medical treatment, i.e., a HCLC. *Almazan*, 374 S.W.3d at 607; *Buchanan v. O'Donnell*, 340 S.W.3d 805, 811 (Tex. App.—San Antonio 2011, no pet.). Moreover, to determine whether Dr. Phillips's decision to prescribe narcotics to Edwards as he did was proper would obviously necessitate expert medical testimony, indicating it is a HCLC. *See Sok*, 426 S.W.3d at 760; *Almazan*, 374 S.W.3d at 607. Although Edwards attempts to guise his claims against Dr. Phillips as a deprivation of due process, we hold the allegations related to Dr. Phillips's provision of medical treatment to Edwards while he was incarcerated in the Atascosa County Jail and, as such, they are HCLCs.

In addition, it can hardly be contested that Dr. Phillips's alleged acts or omissions proximately caused Edwards's alleged injuries. *See Sok*, 426 S.W.3d at 758; *Osuna*, 453 S.W.3d at 62; *Almazan*, 374 S.W.3d at 606. Edwards claimed that as a result of Dr. Phillips's acts and omissions, he "suffered extreme anxiety, confusion and negative behavioral problems." He specifically states his suffering was a result of the "psychotropic cocktails" he was "sedated with." Edwards also alleged Dr. Phillips's prescriptions resulted in heavy sedation before and during trial, making it impossible to participate in his own defense, and suggesting this resulted in his decision to plead guilty to the charges against him. Thus, by his own admission, it was Dr. Phillips's alleged medical treatment that resulted in the injuries allegedly suffered by Edwards.

Based on the foregoing, we hold Edward's claim against Dr. Phillips is a HCLC despite his attempt to recast it as due process claim in an effort to avoid the statute of repose. Furthermore, and despite his claim to the contrary, it seems Edwards himself recognized the true nature of his claim against Dr. Phillips when he responded to Dr. Phillips's motion to dismiss based on Edwards's failure to file an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West Supp. 2014) (requiring claimant in HCLC to serve on party or party's attorney one or more expert reports). In his response to Dr. Phillips's motion to dismiss, Edwards claimed he filed three expert reports, stating "[t]his clearly satisfies requirements contained within § 74.351." In that same document, he described Dr. Phillip's actions as "illegal and unethical medical treatment."

In addition to arguing his claim is not a HCLC subject to the statute of repose, Edwards contends that even if his claim is a HCLC, his suit is not barred by repose because Dr. Phillips fraudulently concealed his actions and Edwards was unable to discover his claims against Dr. Phillips until 2003 — less than ten years before he filed suit in 2012. However, this court has held a statute of repose — specifically the one set out in section 74.251(b) — is not subject to judicially crafted rules of tolling or deferral such as the discovery rule or the doctrine of fraudulent

concealment.  *See Zweig*, 373 S.W.3d at 609; *see also Rankin*, 307 S.W.3d at 286 (stating key purpose of repose statute is to create final deadline for filing suit that is not subject to any exceptions).  Accordingly, we hold Edwards's reliance on the discovery rule and fraudulent concealment to be contrary to established law.

## CONCLUSION

Based on our foregoing analysis, we overrule Edwards's issues.  We hold the trial court properly granted summary judgment in favor of Dr. Phillips.  Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice