Opinion filed July 27, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00002-CV

_____

## CRUZITA DOBYNS, Appellant

## V.

## ODESSA DENTAL SOLUTIONS, PA AND SHIHAB MULAH DIAIS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-20-06-0582-CV**

## MEMORANDUM OPINION

Appellant, Cruzita Dobyns, filed an action for negligence, fraud, medical malpractice, and intentional infliction of emotional distress against Appellees, Odessa Dental Solutions, PA and Shihab Mulah Diais. The lawsuit arose from damages Appellant allegedly suffered resulting from dental work performed by

Diais.  The trial court granted a motion for traditional summary judgment in favor of Appellees based on their defense of limitations.  *See* TEX. R. CIV. P. 166a(a), (c).

On appeal, Appellant claims that her suit was not barred by the statute of limitations, or, at a minimum, that a genuine issue of material fact regarding limitations exists, thereby preventing summary judgment.  Appellant asks that we reverse the trial court's order granting summary judgment in favor of Appellees and remand the case to the trial court.  We affirm.

*Factual and Procedural History*

On two occasions, Appellant received dental treatment from Appellees. The treatment consisted of an initial evaluation on February 6, 2018, and, on February 23, 2018, extensive dental procedures including, but not limited to, extractions, implants, and prepping teeth for crowns.  After the procedures on February 23, Appellant complained to Appellees of pain and decided not to complete the remaining scheduled procedures for which her insurance had paid.  On March 1, 2018, Appellees were informed that Appellant was not going to return for the remaining planned dental procedures.  From March to June 2018, Appellant had multiple conversations with Appellees but there was no additional care provided to Appellant.

On May 22, 2018, Appellees were informed that Appellant had subsequently received care from other dental care providers, had a tooth extracted, a root canal performed, and that Appellant wanted the remaining money paid by insurance refunded to her.  In June of 2018, Appellees sent a letter to Appellant informing her that, as a result of her "[r]eporting Dr. Diais to 'the Board'" (presumably the Texas State Board of Dental Examiners), Dr. Diais would no longer be able to serve as her dentist and they would be "dismissing [her] from [Appellees'] practice."

Appellant sent a pre-suit notice letter to Appellees on April 6, 2020.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2017) ("Any person . . . asserting

2

a health care liability claim shall give written notice of such claim . . . at least 60 days before the filing of a suit."). Appellant filed her original petition against Appellees on June 3, 2020. Appellant later amended her original petition. In her amended petition, Appellant alleged that Appellees had "not [done] evidently the proper [dental] work" on her. Appellant alleged four causes of action in her petition: negligence, fraud, medical malpractice, and intentional infliction of emotional distress. Appellant included, as an exhibit to her amended petition, a letter from another dentist which stated that the treatment rendered on February 23, 2018, fell below the minimum standard of care.

Appellees moved for summary judgment, alleging that Appellant filed her petition outside the statute of limitations deadline; the trial court granted that motion.

*Standard of Review and Applicable Law*

We review a trial court's grant of a summary judgment de novo. *Concho Res., Inc. v. Ellison*, 627 S.W.3d 226, 233 (Tex. 2021) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). To prevail under the traditional summary judgment standard, the movant has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(a), (c); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). If the movant establishes its summary judgment burden, the burden shifts to the nonmovant to present evidence that raises a genuine issue of material fact that would preclude the grant of summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 510–11 (Tex. 2014); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). To determine if a genuine issue of material fact exists, we review the evidence in the light most favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts

3

in the nonmovant's favor. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *Knott*, 128 S.W.3d at 215.

Health care liability claims in Texas are governed by the Texas Medical Liability Act (TMLA). *See* CIV. PRAC. & REM. §§ 74.001–.507; *Rogers v. Bagley*, 623 S.W.3d 343, 349 (Tex. 2021); *Davenport v. Adu-Lartey*, 526 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The purpose of the TMLA is to eliminate frivolous health care liability claims, while allowing potentially meritorious claims to proceed. *Rogers*, 623 S.W.3d at 349. The statute of limitations for a health care liability claim is two years. *See* CIV. PRAC. & REM.§ 74.251(a). The statute of limitations begins to run on "one of three dates: (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. A plaintiff may not choose the most favorable date . . . [r]ather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date." *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *see also* CIV. PRAC. & REM. § 74.251(a); *Zweig v. South Texas Cardiothoracic and Vascular Surgical Assocs., PLLC*, 373 S.W.3d 605, 610 (Tex. App.—San Antonio 2012, no pet.).

"To determine whether a cause of action is a health care liability claim that falls under the rubric of the [TMLA], we examine the underlying nature of the claim and are not bound by the form of the pleading." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005). The TMLA defines a health care liability claim as a "cause of action against a health care provider . . . for treatment . . . or other claimed departure from accepted standards of medical care . . . which proximately results in injury to . . . a claimant." CIV. PRAC. & REM. § 74.001(13). Dentists are health care providers under the Act. *See id.* § 74.001(12)(A)(ii). "A cause of action against a health care provider is a health care liability claim under the [TMLA] if it is based on a claimed departure from an accepted standard of

4

medical care, health care, or safety of the patient, whether the action sounds in tort or contract." *Diversicare*, 185 S.W.3d at 848. "A cause of action alleges a departure from accepted standards of medical care or health care if the act or omission complained of is an inseparable part of the rendition of medical services." *Id*. Determining whether a claim is a health care liability claim (HCLC) requires that we look at the "gravamen or essence" of the cause of action. *See Yamada v. Friend*, 335 S.W.3d 192, 197 (Tex. 2010). Further,

> [t]he language of the statute and this Court's precedents demonstrate that the TMLA casts a wide net. In *Loaisiga*,[1] we held that the breadth of the TMLA "creates a rebuttable presumption that a patient's claims against a physician or health care provider based on facts implicating the defendant's conduct during the patient's care, treatment, or confinement are HCLCs." *Loaisiga* also teaches that when considering whether claims are HCLCs, we focus not on how the plaintiff pleaded or labeled his claims but, rather, on whether the facts underlying the claim could support an HCLC. "[C]laims premised on facts that *could* support claims against a physician or health care provider for departures from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care are HCLCs, regardless of whether the plaintiff alleges the defendant is liable for breach of any of those standards."

*Rogers*, 623 S.W.3d at 350 (internal citations omitted).

"It is well settled that a health care liability claim cannot be recast as another cause of action to avoid the requirements of the [TMLA]." *Diversicare*, 185 S.W.3d at 851. "[A] claim alleges a departure from accepted standards of health care if the act or omission complained of is an inseparable or integral part of the rendition of health care." *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 180 (Tex. 2012) (citing *Diversicare*, 185 S.W.3d at 850). A claim is an HCLC "if expert medical or

---

[1] *Loaisiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012).

health care testimony is necessary to prove or refute the merits of the claim against a physician or health care provider." *Id.* at 182.

*Analysis*

Appellant argues that the summary judgment evidence submitted by Appellees is insufficient to establish their entitlement to summary judgment and, as a result, a genuine issue of material fact exists as to the date when the statute of limitations began to run. Appellant avers that the parties continued to be "in contact" and that Appellees did not explicitly terminate the doctor-patient relationship until June of 2018. Appellant suggests that, even though the last dental procedure performed by Appellees was on February 23, 2018, there is a genuine issue of material fact that remains regarding the date from which the statute of limitations should be measured. However, it is well established that, if the date that the alleged tort occurred is readily ascertainable, that date is, without question, the date from which the statute of limitations should be calculated. *Shah*, 67 S.W.3d at 841.

Appellant's dental records show that, other than the initial assessment on February 6, Appellant only underwent dental procedures on one day, February 23, 2018. Furthermore, the record clearly establishes that, on March 1, 2018, Appellee did not return for further treatment. Even Appellant's expert witness asserted, by unsworn letter, that it was the care rendered on February 23, 2018, that fell below the standard of care and was the cause for the corrective care suggested. Because the date of the allegedly tortious act—February 23—can readily be ascertained, there is no genuine issue of material fact regarding the date from which the statute of limitations should be measured. February 23 is the conclusive date that Appellant's treatment was "completed" under the TMLA, and the applicable limitations expired two years from that date. Civ. Prac. & Rem. § 74.251(a).

In addition, Appellant argues that Appellees failed to establish that *all* her claims are barred by the statute of limitations. Specifically, Appellant contends that

the TMLA's two-year statute of limitations should not apply to Appellant's claims of fraud, negligence, and intentional infliction of emotional distress. Although Appellant did allege claims of fraud, negligence, and intentional infliction of emotional distress in her petition, the only support for any causes of action in the petition relate to Appellees' conduct during the dental procedure performed on February 23, 2018. As stated above, "[i]t is well settled that a health care liability claim cannot be recast as another cause of action to avoid the requirements of the [TMLA]." *Diversicare*, 185 S.W.3d at 851. Appellant merely alleging claims for fraud, negligence, and intentional infliction of emotional distress does not change the fact that the essence of the claim is an HCLC and that all of the facts underlying her claims relate back to the procedure performed on February 23, 2018. *See Rogers*, 623 S.W.3d at 351–52. That is true here where all causes of action have their origin in the multiple procedures performed on that single day.

Appellant contends that, at a minimum, a question of fact exists as to when the doctor-patient relationship ended. The beginning and end of the doctor-patient relationship is not the key inquiry of a statute of limitations defense.[2] It is when the alleged tort occurred and from when a cause of action inures. Under the TMLA, that question is answered by Section 74.251(a) and *Shah*. CIV. PRAC. & REM. § 74.251(a); *Shah*, 67 S.W.3d at 841. When the doctor-patient relationship formally ended is not dispositive of when the statute of limitations began to run. Even if we assumed arguendo that the February 23 procedure did not begin the statute of

---

[2]In a case involving a defendant-physician failing to diagnose a patient's occluded arteries, leading to a stroke, the Texas Supreme Court explained that the physician "could have breached this duty only on those occasions when he had opportunity to perform . . . examinations." *Rowntree v. Hunsucker*, 833 S.W.2d 103, 103–04, 108 (Tex. 1992) . The supreme court held that, as a result, "the date of the alleged wrongful act . . . [as] ascertainable from the facts of the case, was the last visit that [the patient] paid to [the physician's] office." *Id.* at 108. Like the case at bar, this was true despite evidence that the patient called the doctor's office for prescription refills after her last visit. *See id.* at 104; *see also Tejada v. Gernale*, 363 S.W.3d 699, 705 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

limitations period, based on Appellant's argument that a continuing relationship created a fact question on the issue, we see no basis in the record for extending the limitations start date beyond March 1, 2018, when Appellant's refusal to continue any treatment was communicated to Appellees— but particularly when she adhered to that refusal. Appellant's argument, in light of the record and facts before us, still does not preclude summary judgment based on the statute of limitations.[3]

Viewing the evidence in the light most favorable to the nonmoving party and indulging every reasonable inference and resolving any doubts in the nonmovant's favor, we conclude that the evidence supports the trial court's decision to grant summary judgment in favor of Appellees. We overrule each of Appellant's issues.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


July 27, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]Appellant did not argue a tolling of the statute based on her issuance or Appellees' receipt of the notice letter sent pursuant to Section 74.051(c), but we note that such an argument would not change the outcome of this appeal. Tolling only begins at the issuance of the notice letter, and by the time that the notice letter in this case had been issued (April 6, 2020), the two-year statute of limitations had already expired. *See* CIV. PRAC. & REM. § 74.051(c).