Betty BROOKS, Intervenor–Appellant,

v.

**SHERRY LANE NATIONAL
BANK, Appellee.**

No. 05–89–00701–CV.

Court of Appeals of Texas,
Dallas.

March 28, 1990.

H. Dawson French, Dallas, for intervenor-appellant.

Lindy D. Jones, Lee Anne Stewart, Dallas, for appellee.

Before ROWE, LAGARDE and THOMAS, JJ.

## OPINION

LAGARDE, Justice.

Betty Brooks, intervenor, appeals a summary judgment in favor of appellee, Sherry Lane National Bank (Sherry Lane), and raises two points of error. Brooks contends that Sherry. Lane's motion for summary judgment should have been denied and that her own motion for summary judgment should have been granted. Alternatively, Brooks contends that Sherry Lane's motion should not have been grant-ed because her motion in opposition and accompanying affidavits raised a material fact issue requiring resolution by a finder of fact. For the reasons set forth below, we overrule appellant's points of error and affirm the summary judgment in favor of Sherry Lane.

Briefly, the background of this dispute involves a loan made to Brooks's husband. In connection with this loan, Sherry Lane obtained a writ of garnishment against certain property of the husband, including a checking account and a money market account at the First Texas Savings Association.[1] Brooks then filed a plea in intervention, which the trial court granted. In this plea, Brooks essentially alleged that both accounts were either her separate property or her special community property subject to her sole management and control; therefore, Sherry Lane could not garnish these funds to satisfy her husband's nontortious liabilities. Sherry Lane responded by filing a motion for summary judgment asserting that it was entitled to the funds as a matter of law because the accounts qualify as joint community property and are subject to claims from either spouse's creditors. Brooks answered this motion for summary judgment by filing a sworn response, and she also filed her own motion for summary judgment. Sherry Lane objected to Brooks's response, and specifically to the affidavit in support thereof, as being riddled with hearsay, legal conclusions, and violations of both the parol evidence and best evidence rules. The trial court struck portions of Brooks's response and accompanying affidavit. The record reflects that Brooks did not object to this action by the trial court. Thereafter, the trial court granted Sherry Lane's motion for summary judgment.

We must now consider under appellant's first point whether appellant's entire motion for summary judgment and its accompanying exhibits entitle her to judgment as a matter of law. Under appellant's second point, we must consider whether her partially stricken response to Sherry Lane's

1. Now Gibraltar First Texas Savings Association.

motion for summary judgment raises an issue of material fact precluding summary judgment. The resolution of these points turns on the nature of the property as demonstrated by the various petitions, affidavits and their attached exhibits. More simply, resolution hinges on whether the bank accounts are separate, special community, or joint community property.

Under Texas statutes and case law, property possessed by either spouse during the marriage is presumptively community property. *Marriage of York,* 613 S.W.2d 764, 767 (Tex.Civ.App.—Amarillo 1981, no writ); TEX.FAM.CODE ANN. § 5.02 (Vernon 1975). If a party seeks to establish property as separate property, subject to his or her sole ownership and control, that party must prove the separate character by clear and convincing evidence. *Marriage of York,* 613 S.W.2d at 767 (character can be established by tracing); *see* TEX. FAM.CODE ANN. § 5.02 (Vernon 1975). If the property is community property, the Texas classification system further characterizes it as either joint community property or as special community property of either spouse. TEX.FAM.CODE ANN. § 5.22 (Vernon 1975). Property that qualifies as special community property is subject to one spouse's sole management and control even though the property counts as part of the community estate. *Id.* When special community property combines with the other spouse's special community property, the resulting mix constitutes joint community property. *Id.* When a spouse borrows money and the lender does not agree to limit payment to that spouse's separate property, then the debt constitutes a community debt; some community property is liable for its satisfaction. *Latimer v. City Nat'l Bank of Colo. City,* 715 S.W.2d 825, 827 (Tex.App.—Eastland 1986, no writ); *Wall v. Wall,* 630 S.W.2d 493, 496–97 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (presumption of joint community debt). The special community property of a spouse is not liable, absent agreement, for the nontortious liabilities that the other spouse incurs during marriage. *See Bice v. Campbell,* 231 F.Supp. 948, 951 (N.D. Tex.1964) (construing TEX.REV.CIV.STAT.

ANN. art. 4616, a predecessor to the present statute); TEX.FAM.CODE ANN. § 5.61(b)(2) (Vernon 1990) (present statute).

A summary judgment is proper when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *see City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). This means that a movant must conclusively prove all elements of his cause of action or defense. *Id.* A defendant moving for summary judgment has the burden of showing as a matter of law that the plaintiff has no right to recover. *Lawrence v. TD Industries,* 730 S.W.2d 843, 844 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). When a plaintiff shows entitlement to a summary judgment, the nonmovant defendant seeking to avoid the judgment must present to the trial court proof adequate to raise a fact issue. *Woolhouse v. Tolchin Instruments, Inc.,* 601 S.W.2d 106, 108 (Tex.Civ. App.—Dallas 1980, no writ) ("If the opposing party expects to defeat a motion for summary judgment by alleging an issue of fact, it is incumbent on him to come forward with evidence sufficient to raise the question").

Summary judgments do not operate to deprive a litigant of his right to a full hearing on the merits of genuine fact issues; properly used, the procedure eliminates patently unmeritorious claims and untenable defenses. *Utilities Pipeline v. American Petrofina,* 760 S.W.2d 719, 721 (Tex.App.—Dallas 1988, no writ). In reviewing the summary judgment evidence in this case, this Court must consider the evidence in the light most favorable to the nonmovant, resolving any doubts in the nonmovant's favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985); *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 593 (Tex.1975).

We first examine the summary judgment evidence presented by the appellee, Sherry Lane, noting that although Sherry Lane must conclusively establish its right to recover, the property of Brooks and her husband is statutorily presumed to

be community property. In support of its motion, Sherry Lane attached three exhibits, including various financial records and depositions of Brooks and her husband. The exhibits establish the following: (1) Brooks's husband considered the checking account to be Brooks's property, though his name appeared on the account and he wrote several checks on the account; (2) a real estate parcel, deeded in both names, was considered by the couple to be Brooks's property, and, when sold, the proceeds were placed in Brooks's savings account; (3) Brooks's husband also considered the savings account to be separate property, though he is a signatory on the account; (4) the couple had an informal oral agreement, made before the accounts were opened, that the accounts belonged to Brooks; (5) the realty had been bought with an inheritance that Brooks received; (6) Brooks's husband gave her a monthly allowance for her checking account; (7) the savings account was established with $3,500 from a prior savings account of Brooks and $1,500 that her husband gave to her; and (8) the sum presently in the savings account includes an undetermined amount of interest.

We hold that this evidence entitles Sherry Lane to a summary judgment because the proof presented conclusively establishes that the accounts were joint accounts owned by Brooks and her husband. Both were signatories on the accounts and both had the right to remove funds and otherwise control the accounts. Nothing in this evidence rebuts the presumption that the property was community property. We note that the couple may have intended that Brooks own the accounts as Brooks's special community property, but this intent, voiced prior to opening the account, is superceded by the subsequent opening of the joint account with its joint right of control.

In contrast, Brooks's motion for summary judgment failed to rebut the community presumption and failed to conclusively show that the accounts qualified as her special community or separate property. As we have previously stated, a defendant moving for summary judgment must show as a matter of law that the plaintiff has no right to recover; Brooks has not made this showing. Specifically, her affidavit in support of her motion does not carry her burden of proof. Under rule 166a(e) of the Texas Rules of Civil Procedure, affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Mere conclusions of law do not qualify as competent summary judgment evidence; furthermore, the affidavits must be worded so as to be admissible if a witness gave the same testimony during trial. *Skeen v. Glenn Justice Mfg. Co.*, 526 S.W.2d 252, 254 (Tex.Civ.App.—Dallas 1975, no writ). If the affidavit is made by an interested witness (one with some stake in the outcome), the summary judgment may be based on that testimony only if it is (1) clear, positive and direct; (2) otherwise credible; (3) free from contradictions and inconsistencies; and (4) could have been readily controverted. *Hunsucker v. Omega Indust.*, 659 S.W.2d 692, 697 (Tex.App. —Dallas 1983, no writ); Tex.R.Civ.P. 166a(c).

Brooks's affidavit is brief and nondetailed. It simply states that the two accounts are either her separate property or her special community property and neither is subject to garnishment in this case. The attached exhibits do contain many check photocopies showing that Brooks's name is the only name printed on the checks and showing that Brooks alone signed the checks. However, all monthly statements included with Brooks's motion show that the reports were made to both Brooks and her husband.

Brooks's affidavit, which attempts to adopt the allegations contained in her motion, does not meet the standards required by the rules. The fact that Brooks's name appears on the checks and signature lines does not rebut the community presumption and the statements issued to both Brooks and her husband reinforce Sherry Lane's assertion that the accounts are joint community property. Furthermore, no records or exhibits accompany the motion to estab-

lish that Brooks's inheritance allowed her to buy the real estate alleged to be her separate property; therefore, she has not made a showing that the proceeds from the real estate sale qualify as her separate property. As a result, Texas law presumes that these funds are community property. *Snider v. Snider*, 613 S.W.2d 8, 11 (Tex. Civ.App.—Dallas 1981, no writ). Brooks's pleading and her interested witness affidavit fail to meet the exception set out in rule 166a(c). We also note that although Brooks's affidavit refers to her pleading, pleadings do not constitute summary judgment evidence. *Triland Inv. Group v. Tiseo Paving Co.*, 748 S.W.2d 282, 284 (Tex. App.—Dallas 1988, no writ). We hold that Brooks has failed to conclusively establish her right to summary judgment. Stated in the converse, she has not conclusively shown that Sherry Lane has no right of recovery. We overrule Brooks's first point of error.

■ In her second point of error, Brooks complains that the trial court erred in disregarding evidence she presented that raised a material issue of fact, thus precluding summary judgment. We presume that appellant refers to the affidavit attached to the pleading styled "Intervenor's Second Amended Sworn Response to Plaintiff's Motion for Summary Judgment." Sherry Lane moved that the trial court strike portions of this pleading and affidavit. Sherry Lane indicated the objectionable portions by underlining Brooks's affidavit and pleading and attaching a copy to its motion to strike. The trial court granted Sherry Lane's request to strike in its entirety; accordingly, we will consider only those nonunderlined portions of Brooks's affidavit and pleading in determining whether she has raised a material issue of fact.

Viewed most favorably to Brooks, the nonmovant, and resolving all doubts in her favor, we hold that she has not come forward with enough evidence to allow a court to consider the bank accounts as anything other than community property. The affidavit essentially repeats many of the statements made in Brooks's summary judgment pleading. Even when this Court indulges every reasonable inference in Brooks's favor, we recognize that this affidavit suffers from legal conclusions and statements barred by the parol evidence rule. *Latimer*, 715 S.W.2d at 826 (mere conclusions do not raise factual issues); *Skeen*, 526 S.W.2d at 254 (affidavits must be made on personal knowledge). Brooks fails to raise any material issue of fact to preclude Sherry Lane's summary judgment.

We also note that the record contains no objection by Brooks protesting the striking of her pleading and affidavit. By failing to allege that the trial court acted erroneously, appellant has waived any error in connection with this action. Whether the stricken portions of Brooks's petition and affidavit could raise a fact issue is of no moment. These portions are not before us and we cannot consider them. A party may not urge on appeal a new ground or a ground abandoned at the hearing. *City of Houston*, 589 S.W.2d at 678. We overrule Brooks's second point of error and affirm the summary judgment in favor of Sherry Lane.