Gilbert KERLIN, Individually, Gilbert Kerlin, Trustee, Windward Oil & Gas Corp., and PI Corp, Petitioners,

v.

Gloria Soto ARIAS, et al., Respondents.

No. 06–0097.

Supreme Court of Texas.

Nov. 14, 2008.

Rehearing Denied Feb. 13, 2009.

Claudia Wilson Frost, Jeremy J. Gaston, Pillsbury Withrop Shaw Pittman LLP, M. Steve Smith, M. Steve Smith & Associates, Houston, TX, Andrew L. Frey, Mayer Brown LLP, New York, NY, Horacio L. Barrera, Martinez & Barrera, L.L.P., Brownsville, TX, Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, TX, for Petitioner.

Von H. Shelton, Attorney at Law, Angleton, TX, for Respondent.

PER CURIAM.

This is another suit claiming title to a substantial part of Padre Island. Unlike our recent case concerning heirs of Juan Jose Balli, *see Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex.2008), this one was brought by heirs of his nephew, Jesus Balli. The heirs seek to set aside an 1847 deed (and thus all sales in the ensuing 161 years) on the basis of fraud. The trial court granted summary judgment against the heirs, but the court of appeals reversed. 275 S.W.3d 1. As the only evidence of fraud in 1847 is an affidavit by one of the current heirs—who could not possibly have personal knowledge of those events—we reverse.

The 72 alleged heirs asserted in their petition that the 1847 deed was fraudulent because it was signed by Jesus Balli's father, even though Jesus was not a minor under either Texas or Mexican law at the time. They sued Gilbert Kerlin, who apparently had no contact with them or their ancestors, but owned substantial acreage in South Padre Island from 1942 until 1961. *But cf. Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471, 476 (1949) (holding judgment for title could not be entered against nonparties in actual possession).

Kerlin moved for summary judgment on several grounds, including that the deed was valid. In support, Kerlin tendered the deed—not the original in Spanish signed in Matamoros in 1847, but a certified English translation filed in the Nueces County deed records later that same year. The translated deed affirmatively states that:

- Jesus Balli was a minor at the time the deed was signed;

- his lawful guardian was his father, who had the power to administer and convey his son's property;

- it was in his son's best interest to sell the land because the war between the United States and Mexico made it uncertain whether his title would be recognized; and

- his father accordingly sold the Padre Island property to Nicolas Grisanti on his son's behalf.

■ The heirs did not contest this document's authenticity. *See* TEX.R. EVID. 901(b)(7)-(8), 902(3)-(4) (authenticating ancient documents, public records, and foreign public documents). Nor did they challenge the accuracy of the translation. The statements in the translated deed are competent to prove the facts stated therein under the rules of evidence. *See* TEX.R. EVID. 803(14), (16).

The heirs' only responsive summary judgment evidence was a 2003 affidavit by Eva Castillo, in which she avers that Jesus Balli was not a minor in 1847 because he was 22 years old and had married. Kerlin objected to the affidavit on several

grounds, including lack of personal knowledge and hearsay.

We agree with Kerlin that this affidavit creates no fact issue on fraud. Summary judgment affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex.R. Civ. P. 166a(f). This affidavit fails on each count.

First, the only representation Castillo makes about the truth of her affidavit is that "[a]ll statements contained herein are true and correct to the best of my personal knowledge and belief." To have probative value, an affiant "must swear that the facts presented in the affidavit reflect his personal knowledge." *In re E.I. DuPont de Nemours and Co.,* 136 S.W.3d 218, 224 (Tex.2004). An affiant's *belief* about the facts is legally insufficient. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984).

Second, Castillo says she is competent to make the affidavit because she "heard testimony" in the Juan Jose Balli case, "reviewed documents" related to the heirs' claims, and "read historical accounts about Padre Island." Her testimony about these out-of-court sources was hearsay and carries no probative weight over Kerlin's objection. *See* Tex.R. Evid. 802; *Gracey v. West,* 422 S.W.2d 913, 916 (Tex. 1968).

Third, nothing in the affidavit affirmatively shows how Castillo could possibly have personal knowledge about events occurring in the 1840s. An affidavit showing no basis for personal knowledge is legally insufficient. *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994); *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 762 (Tex.1988). Accordingly, Castillo's affidavit does not raise a fact issue about whether Jesus Balli was a minor at the time his father sold his interest in Padre Island.

The court of appeals held otherwise, noting first that Kerlin attached only a copy of a translation of the original deed rather than the original itself. 275 S.W.3d at 4. But the heirs did not challenge the authenticity of this copy from the Nueces County deed records, and the best evidence rule does not apply to originals located outside Texas. *See* Tex.R. Evid. 1004(c).

The court of appeals also faulted Kerlin for not responding to the heirs' assertions by providing "evidence of Jesus' age or marital status at the time of the deed signing." 275 S.W.3d at 4. But Kerlin presented prima facie evidence that the 1847 deed was valid; he did not have any duty to prove these additional details unless the heirs could raise a fact question regarding them. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995) ("Once the defendant produces sufficient evidence to establish the right to summary judgment, the plaintiff must present evidence sufficient to raise a fact issue."). This they did not do.

The summary judgment record here raises no fact question that the 1847 deed was fraudulent. Accordingly, we grant Kerlin's petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and render judgment that the heirs take nothing. Tex.R. Civ. P. 59.1.