

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-22-00652-CV

John **SCHUMACHER**,
Appellant

v.

Charles **TROIS**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-16882
Honorable Aaron Haas, Judge Presiding

Opinion by:    Irene Rios, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2024

AFFIRMED

Appellant John Schumacher appeals the trial court's final summary judgment declaring

appellee Charles Trois as the sole, rightful owner of a painting known as "Barely There" by Robert

Rauschenberg.  On appeal, Schumacher argues the trial court erred when it: (1) sustained Trois's

objections to Schumacher's summary judgment evidence; and (2) granted Trois's motion for summary judgment. We affirm.

We sua sponte submitted this case en banc to reevaluate our preservation precedent and to clarify what is required to preserve appellate review of a trial court's ruling when the trial court sustains objections to summary judgment evidence.

### BACKGROUND

Trois filed suit seeking, among other things, a declaration that he is the owner of an art piece called "Barely There" by Robert Rauschenberg ("the painting"). Trois was the beneficiary of a friend's estate that purportedly held title to real property in Belize. In December 2010, Schumacher traded the painting and other unspecified items in exchange for whatever right of inheritance Trois had in the Belize property. Trois granted Schumacher a power of attorney to probate the late friend's will in Belize so that he could acquire the property. The record does not reflect Schumacher made any effort in the probate courts of Belize to secure title to the property.

In 2017, Trois engaged a company called Southwest Museum of Art ("Southwest") to sell the painting. The agreement provided for Southwest to establish provenance of the painting and secure a buyer within one year. Southwest would earn a commission on the sale if the painting sold within the year. After Southwest was unable to sell the painting, Trois demanded the painting be returned to him. Southwest's owner, Tony Webber, responded that he had determined Schumacher was the rightful owner of the painting and claimed Southwest gave the painting to Schumacher. Webber claims he discovered—many years after the trade between Trois and Schumacher—the title to the Belize property held by Trois's late friend was declared void by the Supreme Court of Belize. Because Webber believed Trois did not comply with the agreement, he determined the painting belonged to Schumacher.

In the underlying litigation, Trois filed a motion for partial summary judgment on his action for declaratory relief regarding ownership of the painting. Trois attached as summary judgment evidence his own affidavit showing that he acquired the painting from Schumacher as consideration for the trade. Schumacher responded claiming the trade was "invalid" because Trois never owned the Belize property nor was Trois authorized to dispose of the Belize property. Because there was a lack of consideration, Schumacher argued, the agreement to trade the property for the painting failed and Schumacher remained the rightful owner of the painting. Schumacher further argued a genuine issue of material fact exists as to who owns the painting because both Trois and Schumacher each claim to be the rightful owner of the painting. The only evidence attached to Schumacher's summary judgment response was his own affidavit attesting to the lack of consideration.

Trois filed objections to nearly every sentence in Schumacher's affidavit. The trial court sustained each of Trois's objections to Schumacher's affidavit. Consequently, Schumacher's affidavit contained minimal competent evidence. The trial court determined Schumacher's admissible summary judgment evidence did not raise a genuine issue of material fact and granted Trois's summary judgment declaring Trois the sole and rightful owner of the painting. The trial court severed the action for declaratory relief. Schumacher appeals the trial court's final summary judgment.

### SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial court's ruling on a summary judgment motion de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident*

*Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). In reviewing a trial court's summary judgment ruling, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215.

**DISCUSSION**

In two issues, Schumacher appeals: (1) the trial court's order sustaining Trois's objections to Schumacher's summary judgment evidence; and (2) the trial court's order granting Trois's motion for summary judgment. We first determine whether Trois met his summary judgment burden.

*A. Trois's Summary Judgment Burden*

Trois filed a motion for summary judgment asserting he is entitled to a declaratory judgment that he is the sole owner of the painting. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003. The summary judgment motion asserted that Trois acquired the painting pursuant to a trade with Schumacher more than ten years earlier. Trois maintains he has been the sole and rightful owner of the painting since the trade.

As summary judgment evidence, Trois attached to his motion his own affidavit and a transcript of Webber's testimony from a temporary injunction hearing. Schumacher did not object to Trois's summary judgment evidence. Trois's affidavit stated:

1. My name is Charles Trois. I am an adult over the age of 18 years and of sound mind, and am fully capable of making this Declaration. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. In or around the year 2009, I acquired a painting by Robert Rauschenberg titled "Barely There" ("the Painting") from a man named John Schumacher as part of a trade. Under this trade, I gave Mr. Schumacher whatever right, title, or

> interest I had in real property belonging to [the] estate of one Peter Stein in Belize. In exchange, he gave me the Painting and some other items.
>
> 3. I took possession of the Painting at that time and kept it at my home until sometime in or around 2017 when I delivered it to Tony Webber of Southwest Museum Services so that it could be sold pursuant to an agreement[] I made with him and his son, Vincent Webber. At no time during my possession of the Painting did John Schumacher ever claim any sort of interest in the Painting, even though I had many interactions with him over the years. In fact, Mr. Schumacher served as an expert witness for me in a case in Ohio against Apple Tree Auction Company in or around 2018. He never once told me he was the owner of the [P]ainting or that he wished to rescind the agreement.

Trois's affidavit establishes that he received the painting from Schumacher in exchange for whatever claim he may have from Peter Stein's estate for the Belize property. Importantly, the affidavit does not state Trois agreed to give Schumacher title to the property as part of the trade; instead, the affidavit asserts Trois agreed to give Schumacher "whatever right, title or interest" Trois had in the Belize property arising from his inheritance of Stein's estate.

The affidavit further states Trois had possession of the painting from 2009 until 2017 when he delivered it to Webber as part of the agreement for Southwest to sell the painting for Trois. The transcript of Webber's testimony reflects that Webber acquired the painting to use it as collateral for a loan and to attempt to sell the painting. Webber's testimony from the transcript acknowledged that Trois demanded Webber return the painting in 2019 and Webber refused to return the painting. Instead, Webber gave the painting to Schumacher because Webber opined there was an issue with the title to the Belize property and Trois did not "make good on the sale" with Schumacher. Finally, Webber stated in his temporary injunction testimony that Trois never authorized him to deliver the painting to Schumacher.

Here, Trois's summary judgment evidence establishes that he traded whatever interest he had in the Belize property to Schumacher for the painting. Trois maintained possession of the painting until he entered into an agreement whereby Webber's business would sell the painting for

Trois. In 2019, Trois demanded Webber return the painting only to discover Webber had delivered the painting back to Schumacher. Schumacher did not ever claim ownership of the painting while Trois possessed it and never sought to rescind the agreement he made with Trois. Based on this evidence, Trois has met his summary judgment burden establishing he is the owner of the painting. The burden then shifted to Schumacher to raise a genuine issue of material fact precluding summary judgment. *See Lujan*, 555 S.W.3d at 84.

B. *Schumacher's Summary Judgment Response*

In his summary judgment response, Schumacher contended Trois signed a written agreement to sell and trade the painting in exchange for real property in Belize in December of 2010. Schumacher argued Trois "did not (i) have ownership of the real property; (ii) provide [Schumacher] with documents showing legal ownership of the real property; or (iii) have the legal authority to dispose of the [real] property, and therefore the trade [of] the real property for the [p]ainting is invalid." Thus, Schumacher asserted in his response that he is the sole and rightful owner of the painting. Schumacher argued there is a genuine issue of material fact because both Trois and Schumacher each claim ownership of the painting.

The only evidence attached to Schumacher's summary judgment response was his own affidavit. The affidavit, in its entirety, stated:

> My name is John Schumacher. I am at least 18 years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated in this affidavit. I have personal knowledge over each of the matters stated in this affidavit and Defendant['s] Response to Plaintiff's Motion for Partial Summary Judgment, and each of the matters stated in this affidavit and in Defendant['s] Response to Plaintiff's Motion for Partial Summary Judgment are true and correct.
>
> I signed a Bill of Sale that traded a Robert Rauschenberg painting to Mr. Charles Trois, for a five (5) acre plot of land in Belize on December 3, 2010. As a condition of the trade, I was to send Mr. Trois a letter with information on the painting and he in return would send me the legal documents regarding the Belize property.

Subsequently, I found out that Mr. Trois did not have the legal authority to convey to me the subject real property in Belize. Mr. Trois made false claims to me regarding the ownership of the real property and never furnished a valid legal deed transferring ownership of the subject real property to me, despite my repeated requests for it.

The real property was in fact owned by other parties. The real property was the basis of a lawsuit in the Supreme Court of Belize in 2011 and 2013 and was resolved in July of 2014.

This affidavit is submitted in support of Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and Severance herein for the purpose of showing that there [are] in this action genuine issues of material fact. As a result, I request that the Plaintiff's Motion for Partial Summary Judgment and for Severance be denied.

Trois filed written objections to nearly every sentence of Schumacher's affidavit. The trial court sustained all of Trois's objections to Schumacher's affidavit. The trial court determined the remaining statements—after striking the statements it deemed inadmissible or incompetent—did not raise a genuine issue of material fact. As such, the trial court granted Trois's motion for summary judgment declaring Trois the sole and rightful owner of the painting. On appeal, Schumacher contends the trial court erred in its evidentiary rulings. Schumacher argues the struck portions of his affidavit are admissible and competent summary judgment evidence that raise a genuine issue of material fact as to who is the sole and rightful owner of the painting. Therefore, he argues the trial court erred when it granted Trois's motion for summary judgment.

## PRESERVATION

In his brief, Trois argues Schumacher waived his right to appellate review of the trial court's evidentiary rulings. Before we address the merits of Schumacher's appeal, we must first determine if Schumacher was required to take further steps to preserve appellate review of the trial court's order striking portions of his summary judgment evidence.

Trois contends Schumacher was required to object to the trial court's evidentiary rulings sustaining Trois's objections to preserve appellate review of those rulings. To support his

contention, Trois cites *Mangione v. Gov't Pers. Mut. Life Ins. Co.*, No. 04-01-00655-CV, 2002 WL 1677457, at \*4–5 (Tex. App.—San Antonio July 24, 2002, pet denied) (mem. op., not designated for publication).[1]  Trois correctly notes the *Mangione* court held the appellants in that case waived appellate review when they did not take further steps to object to the trial court's ruling striking evidence attached to their summary judgment response.  *See id.*  However, *Mangione* is not precedential and is not binding on this court.  *See* TEX. R. APP. P. 47.7(b) ("Opinions and memorandum opinions designated 'do not publish' under these rules by the courts of appeals prior to January 1, 2003 have no precedential value but may be cited with the notation, '(not designated for publication).'").

Nevertheless, in a case that is precedential, we have previously held that a nonmovant waived appellate review of a trial court's order sustaining objections to summary judgment evidence when the appellant failed to file written responses to the objections or failed to file a reporter's record showing the appellant objected to the trial court's ruling.  *See Villejo Enters., LLC v. C.R. Cox, Inc.*, No 04-19-00882-CV, 2021 WL 185528, at \*2 (Tex. App.—San Antonio Jan. 20, 2021, no pet.) (mem. op.).  In reaching that holding, we relied on *Cantu v. Horany*, 195 S.W.3d 867 (Tex. App.—Dallas 2006, no pet.), a non-binding authority from one of our sister courts.  We favorably cited the *Cantu* court's holding that when "a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, [the party] has not preserved the right to complain on appeal about the trial court's ruling."  *See Cantu*, 195 S.W.3d at 871 (citing *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ)).

---

[1] Trois also cites several cases from the Dallas Court of Appeals and one case from the Amarillo Court of Appeals. However, none of these authorities are binding precedent on this court.

Citing *Browder v. Moree*, 659 S.W.3d 421 (Tex. 2022), a Texas Supreme Court case, Schumacher argues he was not required to object to the trial court's ruling sustaining Trois's objections to his summary judgment evidence to preserve appellate review of the evidentiary rulings. Trois argues *Browder* does not apply here because it dealt with a trial court's adverse ruling to a jury demand, not an adverse ruling on objections to summary judgment evidence.

Under *stare decisis*, "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision." *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022). "Typically, higher authority includes a decision from the U.S. Supreme Court, [the Texas Supreme Court], or the Court of Criminal Appeals; an en banc decision of the court of appeals itself; or an applicable legislative or constitutional provision." *Id.* at 256–57.

We recognize *Browder* is not exactly on point because, as Trois correctly notes, *Browder* did not address preservation of an adverse ruling to summary judgment evidence. However, the supreme court broadly stated in *Browder* that "neither our procedural rules nor this Court's decisions require a party that has obtained an adverse ruling from the trial court to take the further step of objecting to that ruling to preserve it for appellate review." *Browder*, 659 S.W.3d at 423.

Because *Browder* is not directly on point with the case at bar, we would normally be bound by the precedent in *Villejo Enterprises*. However, in light of *Browder*—an opinion that was issued after *Villejo Enterprises*—we sua sponte submitted this case en banc to reevaluate our precedent in *Villejo Enterprises*. *Compare Browder*, 659 S.W.3d at 423 (holding a party that has obtained an adverse ruling from the trial court need not object to that ruling to preserve appellate review of the adverse ruling), *with Villejo Enters., LLC*, 2021 WL 185528, at *2 (holding a party waived appellate review of a trial court's adverse ruling excluding summary judgment evidence when the

party did not provide written responses to the objections or a reporter's record of the hearing showing it had objected to the trial court's ruling).

It appears the Dallas Court of Appeals first created the preservation rule regarding an adverse ruling to summary judgment evidence in *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ). The *Brooks* court did not consider the nonmovant's affidavit attached as summary judgment evidence, stating:

> We also note that the record contains no objection by Brooks protesting the striking of her pleading and affidavit. By failing to allege that the trial court acted erroneously, [Brooks] has waived any error in connection with this action. Whether the stricken portions of Brooks's petition and affidavit could raise a fact issue is of no moment. These portions are not before us and we cannot consider them.

*Id.* The *Brooks* court did not cite any authority to support the preservation rule. As mentioned above, this court in *Mangione*—an unpublished, non-precedential opinion—agreed with the holding in *Brooks*. *See Mangione*, 2002 WL 1677457, at *5. Citing *Brooks* and *Mangione*, the El Paso Court of Appeals issued a precedential opinion agreeing with *Brooks* and holding the proponent of excluded summary judgment evidence "must inform the trial court of the purpose for which the evidence is offered and the reasons why the evidence is admissible" to preserve the issue for appellate review. *See Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 281 (Tex. App.—El Paso 2004, no pet.); *see also Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 499–500 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Brooks* and holding appellant waived review of the trial court's exclusion of summary judgment evidence when appellant failed to provide a record showing argument why the evidence is admissible over hearsay and conclusory objections).[2]

---

[2] The El Paso Court of Appeals subsequently concluded that the response to evidentiary objections to summary judgment evidence may be raised for the first time in a motion for new trial. *See Hawxhurst v. Austin's Boat Tours*, No. 08-19-00257-CV, 2020 WL 5094673, at *2 (Tex. App.—El Paso Aug. 28, 2020, no pet.) (mem. op.).

Relying on *Brooks*, the Dallas Court subsequently made the rule more direct, holding: "When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling." *Cantu*, 195 S.W.3d at 871. The precedent was then followed by other courts of appeals, including this court. *See Chesapeake Expl. Ltd. P'ship v. Corine Inc.*, No. 10-06-00265-CV, 2007 WL 2447293, at *2 n.1 (Tex. App.—Waco Aug. 29, 2007, no pet.) (mem. op.); *Selgas v. Henderson Cnty. Appraisal Dist.*, Nos. 12-10-00021-CV, 12-10-00050-CV, 2011 WL 5593138, at *5–6 (Tex. App.—Tyler Nov. 16, 2011, pet. denied) (mem. op.); *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 568–69 (Tex. App.—Amarillo 2013, pet. denied); *Brown v. CB & I, Inc.*, No. 09-12-00521-CV, 2014 WL 172413, at *3 (Tex. App.—Beaumont Jan. 16, 2014, no pet.) (mem. op.); *Villejo Enters., LLC*, 2021 WL 185528, at *2; *Davila v. Tex. Mut. Ins. Co.*, No. 03-19-00366-CV, 2020 WL 1174190, at *2 (Tex. App.—Austin Mar. 12, 2020, no pet.) (mem. op.).

The Fort Worth Court of Appeals created a split of authority by rejecting the holdings in *Brooks*, *Community Initiatives*, and *Cantu*, stating: "We do not believe a party is required to object to the sustaining of an objection in order to complain of the sustaining of the objection on appeal; to the extent these decisions by our sister courts hold otherwise, we decline to follow them."[3] *Miller v. Great Lakes Mgmt. Serv., Inc.*, No. 02-16-00087-CV, 2017 WL 1018592, at *2 n.4 (Tex. App.—Fort Worth Mar. 16, 2017, no pet.) (mem. op.); *see also Hill v. Fitness Int'l, LLC*, No. 02-

---

[3] It is also worth noting that the Fourteenth Court of Appeals in Houston initially cited *Cantu*'s preservation requirement and held the appellant waived his evidentiary complaints because he did not object to the trial court's adverse ruling excluding summary judgment evidence; however, the panel granted rehearing and the opinion on rehearing omits the section that adopted the preservation requirement. *See Primo v. Rothenberg*, Nos. 14-13-00794-CV, 14-13-00997-CV, 2015 WL 1928887, at *15–16 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015) (mem. op.), *superseded on reh'g*, 2015 WL 3799763, at *15–16 (Tex. App.—Houston [14th Dist.] June 18, 2015, pet denied) (mem. op.).

22-00142-CV, 2023 WL 2607646, at *4 n.4 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.).

In some recent cases, the Dallas Court of Appeals has recognized the preservation rule but reviewed the evidentiary complaint on appeal regardless of whether the appellant preserved the issue under *Brooks* and *Cantu*. *See Du Bois v. Martin Luther King, Jr., Fam. Clinic*, No. 05-16-01460-CV, 2018 WL 1663787, at *4 (Tex. App.—Dallas Apr. 6, 2018, no pet.) (mem. op.);[4] *Fan Expo, LLC v. Nat'l Football League*, No. 05-16-00763-CV, 2018 WL 1890144, at *9 n.8 (Tex. App.—Dallas Apr. 20, 2018, pet. denied) (mem. op.).

Legal scholars have also weighed in on this preservation issue. Tim Patton wrote:

> Another problematic area [in preserving error] involves the necessity to object to the trial court's ruling that sustains an objection to your summary judgment proof. Some courts have concluded that if a party fails to object to the trial court's ruling sustaining an objection to that party's summary judgment evidence[,] then that party has not preserved the right to complain on appeal about the trial court's ruling. The better reasoned view, and the conclusion more consistent with Rule 33.1 [of the Texas Rules of Appellate Procedure] and Texas Supreme Court precedent, is "We do not believe a party is required to object to the sustaining of an objection in order to complain of the sustaining of the objection on appeal."

TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS, § 6.10[4][f] (3rd ed. 2023) (citations and footnotes omitted) (quoting *Miller*, 2017 WL 1018592, at *2 n.4); *see also* David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 60 S. Tex. L. Rev. 1, 63,

---

[4] In *Du Bois*, a panel of the Dallas Court of Appeals stated:

> Prior panel decisions of this Court suggest that when a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling. *See Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ). We are aware that this holding has come under criticism recently. *See Miller v. Great Lakes Mgmt. Serv., Inc.*, No. 02-16-00087-CV, 2017 WL 1018592, at *2 n.4 (Tex. App.—Fort Worth Mar. 16, 2017, no pet.) (mem. op.). Absent a decision from a higher court or this Court sitting en banc that is on point, this Court is bound by the prior holdings of other panels of this Court. *MobileVision Imaging Servs. v. LifeCare Hosp. of N. Tex.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.).

*Du Bois v. Martin Luther King, Jr., Fam. Clinic*, No. 05-16-01460-CV, 2018 WL 1663787, at *4 (Tex. App.—Dallas Apr. 6, 2018, no pet.) (mem. op.).

(2019) (opining "[t]he better reasoned approach should be that there is no requirement" to "object to a trial court's ruling that sustains objections to the admission of summary judgment evidence" to preserve appellate review of the ruling).

We agree the better reasoned view—and the view consistent with *Browder*—is that a party is not required to object to a trial court's ruling excluding summary judgment evidence to preserve appellate review of the trial court's order sustaining the objections. *See Browder*, 659 S.W.3d at 423–24.

"Important prudential considerations underscore our rules on preservation." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). "Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds." *Id.* The preservation rules also promote fairness among litigants because they prohibit a party from waiving, consenting to, or neglecting to complain about an error at trial and surprising an opponent on appeal by stating the complaint for the first time. *Id.*; *see also USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018). "Moreover, we further the goal of accuracy in judicial decision-making when lower courts have the opportunity to first consider and rule on error." *B.L.D.*, 113 S.W.3d at 350. "Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue." *Id.*

Allowing Schumacher to present his evidentiary complaints on appeal does not run afoul of the prudential considerations mentioned in *In re B.L.D.* The first consideration concerns whether the trial court was aware of the appellant's position when it made its ruling. *See Rohrmoors Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 479 (Tex. 2019) ("Indeed, our law on preservation is built almost entirely around putting the trial court on notice so that it

can cure any error."). There is no question that the proponent of summary judgment evidence would contend such evidence was competent and admissible. Given the context, it is self-evident the trial court would be aware the proponent would consider a ruling striking the evidence as error. Thus, when a trial court strikes summary judgment evidence, it is aware of the proponent's complaint when it makes its ruling. The summary judgment context is also unique because the evidence is solely in written form requiring the trial court to only consider the evidence itself and whether the objections lodged against the evidence have merit. We cannot think of a situation where the trial court is excluding evidence it has not seen or heard.

The next consideration concerns fairness to the litigants and whether the appellate complaint will unfairly surprise the appellee. Because it is self-evident that the proponent of summary judgment evidence would contend a trial court errs when it strikes the evidence, the appellee cannot reasonably suggest on appeal that he thought the appellant implicitly waived or consented to the trial court's error. This is especially true in the summary judgment context where the proponent of the evidence is relying solely on its written evidence to defeat summary judgment.

For example, in this case, Schumacher's affidavit was the only evidence attached to his summary judgment response. It would be unreasonable for Trois to believe that Schumacher would not contest the trial court's ruling striking most of the affidavit on appeal. Because Trois met his summary judgment burden, Schumacher's entire case depended on the admissibility of the statements in his affidavit to raise a genuine issue of material fact as to who owns the painting. Failure to appeal the evidentiary ruling would mean Schumacher had completely abandoned his claim to the painting, a position that cannot be reconciled with Schumacher's contention in his pleadings and summary judgment response that he is the owner of the painting.

Absent express waiver in the trial court, it would be unreasonable for a party who objects to summary judgment evidence to claim unfair surprise when the proponent of that evidence complains on appeal that the trial court erred when it sustained the objections and struck the evidence. Moreover, the ruling on appeal will be reviewed under a deferential abuse of discretion standard.

While on the topic of surprise, we note *Villejo Enterprises* puts litigants similarly situated to Schumacher at an inherent disadvantage. *Villejo Enterprises* appears to suggest that when the proponent of the struck summary judgment evidence does not object to the trial court's ruling, the proponent must then at a minimum file a written response to the objections or provide a reporter's record of the summary judgment hearing showing the proponent's response to the objections to preserve appellate review of the trial court's order sustaining the objections. *See Villejo Enters., LLC*, 2021 WL 185528, at *2. This puts the proponent of the evidence at a disadvantage because this court has previously held that there is no deadline "by which a movant must file its reply, including objections, to a nonmovant's summary judgment response . . . ." *Edwards v. Phillips*, No. 04-13-00725-CV, 2015 WL 1938873, at *4–5 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) ("Based on our review of *McConnell* and the language in Rule 166a(c), we agree with the *Shelton* court and hold a summary judgment movant is not required to file objections to the competency of evidence attached to a nonmovant's response three days before the summary judgment hearing." (citing TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *Shelton v. Sargent*, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet denied))); *see also Reynolds v. Murphy*, 188 S.W.3d 252, 259 (Tex. App.—Fort Worth 2006, pet. denied) ("[A] movant's objections to the competency of a nonmovant's evidence that are filed the day of the [summary judgment] hearing are not untimely and may be considered

and ruled upon by the trial court."); *Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 521 (Tex. App.—Dallas 2007, no pet.) (holding movant's objections to competency of nonmovant's summary judgment evidence were timely when filed the day before the summary judgment hearing and could be considered and ruled on by the trial court). Requiring the nonmovant-proponent to respond to the objections to preserve error would impede rather than promote fairness between the litigants because the proponent of the evidence could be surprised by evidentiary objections that are filed on the eve of the summary judgment hearing. Our preservation rules should not allow parties to engage in gamesmanship to avoid appellate review of a favorable ruling. Under *Villejo Enterprises*, a nonmovant who may not even have the opportunity to file written responses would be left without appellate recourse unless he made a record at the summary judgment hearing of a thorough response to the objections even though he did not have a single day's notice of the objections.

The final consideration concerns whether an adequate record has been developed for appellate review. A motion for summary judgment, summary judgment response, and summary judgment evidence must all be in writing and filed with the court. *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022); Tex. R. Civ. P. 166a(c). "[I]ssues, grounds, and testimony in support of and in opposition to summary judgment may not be presented orally . . . ." *FieldTurf USA*, 642 S.W.3d at 838. Because the trial court is confined to consider only the written evidence and written objections in the summary judgment context, the appellate record will always contain the parties' arguments and the summary judgment evidence regardless of whether the trial court struck the evidence. Thus, in the summary judgment context, we are not faced with a situation where the trial court may have excluded evidence that would never become part of the appellate record. Instead, the trial court will have ruled on the written

objections to the written evidence filed in the clerk's record. If the trial court sustained the objections, it would not have considered the evidence it deemed incompetent or inadmissible. However, the evidence would not be struck from the appellate record. Because the appellate record will show the challenged evidence and the grounds for such challenge, the focus of our review will be clear.

It is worth repeating that the question before us is whether an appellant must object to a trial court's *ruling* striking summary judgment evidence to preserve appellate review of that ruling. As we have already stated, our supreme court has concluded that "neither our procedural rules nor this Court's decisions require a party that has obtained an adverse ruling from the trial court to take the further step of objecting to that ruling to preserve it for appellate review." *Browder*, 659 S.W.3d at 423; *see also* TEX. R. APP. P. 33.1(c) (providing a "formal exception to a trial court ruling" is not "required to preserve a complaint for appeal"). "If simply adhering to an adverse order while continuing to litigate waived review of that order on appeal from final judgment, there would be few orders left to review." *Bonsmara Natural Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 396 n.22 (Tex. 2020).

The prudential considerations underscoring our preservation rules weigh against requiring a nonmovant who receives an adverse ruling to his summary judgment evidence from taking further steps to preserve appellate review of that ruling. *See id.* ("Having obtained an adverse ruling, the party's complaint is preserved for appellate review." (citing TEX. R. APP. P. 33.1)). Accordingly, we agree with the Fort Worth Court of Appeals that a party is not required to object to a trial court's ruling sustaining an objection to summary judgment evidence to complain of that evidentiary ruling on appeal. *See Miller*, 2017 WL 1018592, at *2 n.4 ("We do not believe a party

is required to object to the sustaining of [the] objection in order to complain of the sustaining of the objection on appeal . . . .").

Our holding today applies a common-sense application of the preservation rules specific to a trial court's ruling sustaining objections to summary judgment evidence.[5] *See Thota v. Young*, 366 S.W.3d 678, 690 (Tex. 2012) ("[W]e have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly promotes form over substance."). To require a party to object to the trial court's adverse ruling on evidentiary objections in the summary judgment context is unnecessary and a waste of resources when a reviewing court can determine, without further action from the trial court or the parties, whether the trial court abused its discretion in sustaining the objections.

We disavow precedent from this court to the extent it requires a party to object to a trial court's ruling sustaining an adverse party's objections to summary judgment evidence to preserve that ruling for appellate review. Accordingly, we abrogate *Villejo Enters., LLC v. C.R. Cox, Inc.*, No 04-19-00882-CV, 2021 WL 185528 (Tex. App.—San Antonio Jan. 20, 2021, no pet.) and *Mangione v. Gov't Personnel Mut. Life Ins. Co.*, No. 04-01-00655-CV, 2002 WL 1677457 (Tex.

---

[5] We do not suggest, however, that a party who seeks to strike summary judgment evidence may assert evidentiary objections for the first time on appeal without first having made those objections in the trial court, nor do we intend for our holding to extend beyond the summary judgment context. *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022) ("[T]o complain on appeal about defects in the form of summary judgment evidence, a party must both timely object and secure a ruling from the trial court on the objection."). Moreover, in this appeal, we are solely determining whether the trial court erred when it sustained Trois's objections on best evidence, personal knowledge, and conclusory grounds. In this situation, the parties' positions were clear to the trial court and are clear on appeal. We are not asked to determine if exceptions or exclusions to evidentiary rules allow otherwise inadmissible statements to be admissible. We are mindful a party "may not argue on appeal 'any and every new issue that he can think of, nor can he resurrect issues that he abandoned at the hearing.'" *See Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 499 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (alteration omitted) (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)) (declining to address whether a statement in summary judgment evidence is admissible pursuant to a meritorious hearsay exception because there was no record that the argument was presented to the trial court). Because we are not presented with issues where the proponent of the evidence asserts exclusions or exceptions within the evidentiary rules as grounds for admissibility, we make no determination on whether a proponent of the evidence must first assert those exceptions or exclusions in the trial court to reassert those complaints on appeal.

App.—San Antonio July 24, 2002, pet denied) (mem. op., not designated for publication) to the extent they held otherwise.[6]

## EVIDENTIARY ISSUES

Having determined Schumacher was not required to object to the trial court's ruling sustaining Trois's evidentiary objections to preserve appellate review of that ruling, we now turn to the merits of Schumacher's appeal. Trois asserted objections to the admissibility of statements in Schumacher's affidavit. Trois also objected on the ground that several of the statements in Schumacher's affidavit were conclusory and not based on personal knowledge.

To constitute proper summary judgment evidence, an affidavit must be made on personal knowledge, set forth facts that would be admissible evidence, and show the affiant's competence to testify to the matters stated in the affidavit. *See* TEX. R. CIV. P. 166a(f); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, 692 S.W.3d 564, 584 (Tex. App.—San Antonio 2023, no pet.).

Although we review the rendition of summary judgments de novo, we review a trial court's decision to exclude summary judgment evidence for an abuse of discretion. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or principles. *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 854 (Tex. App.—San Antonio 2017, no pet.). To obtain reversal for improper admissions or exclusions of evidence, the appellant must establish that the error was harmful—that it was calculated to cause and probably did cause the rendition of an improper

---

[6] "A court of appeals sitting en banc does not need to accord deference to a panel opinion." *See Mitschke v. Borromeo*, 645 S.W.3d 251, 263 n.22 (Tex. 2022). Therefore, we need not consider whether reasons of efficiency, fairness, and legitimacy should nevertheless cause us to adhere to our precedent in *Villejo Enterprises*. *See id.* (holding a court should exercise the same caution as reflected in the *Mitschke* opinion when "the en banc court is considering the validity of an en banc precedent").

judgment. *In re Est. of Denman*, 362 S.W.3d 134, 141 (Tex. App.—San Antonio 2011, no pet.).

"Errors in admission or exclusion of evidence are generally not reversible unless the appellant can

show the whole case turns on the complained of evidence." *Id.*

## A. Statements in Summary Judgment Response

In the first paragraph, Schumacher's affidavit states: "I have personal knowledge over each

of the matters stated in this affidavit and Defendant['s] Response to Plaintiffs Motion for Partial

Summary Judgment, and each of the matters stated in the affidavit and in Defendant['s] Response

to Plaintiff's Motion for Partial Summary Judgment are true and correct."

Trois objected to the portions of this statement that verify Schumacher's summary

judgment response and attempt to incorporate the summary judgment response as summary

judgment evidence. Our case law has long established that summary judgment motions and

summary judgment responses are not competent summary judgment evidence. *See Cuellar v. City

of San Antonio*, 821 S.W.2d 250, 252 (Tex. App.—San Antonio 1991, writ denied); *Semmler v.

Lander*, No. 04-18-00413-CV, 2019 WL 938304, at *2 (Tex. App.—San Antonio Feb. 27, 2019,

no pet.) (mem. op.); *see also Olsen v. Comm'n for Law. Discipline*, 347 S.W.3d 876, 886 (Tex.

App.—Dallas 2011, pet. denied) ("A party may not support its response to a motion for summary

judgment with a document in the form of an affidavit in which the party attempts to verify the truth

and correctness of all 'allegations and facts' in the response.").

On appeal, Schumacher concedes statements in a summary judgment response are not

competent summary judgment evidence. Because Schumacher does not challenge this objection,

we will not consider this struck portion of the affidavit.

## B. Best Evidence

In the second paragraph, Schumacher's affidavit states:

> I signed a Bill of Sale that traded a Robert Rauschenberg painting to Mr. Charles Trois for a five (5) acre plot of land in Belize on December 3, 2010. <u>As a condition of the trade, I was to send Mr. Trois a letter with information on the painting and he in return would send me the legal documents regarding the Belize property.</u>

Trois objected to the underlined sentence asserting the statement violated the best evidence rule. The best evidence rule provides that an original writing is generally required to prove the contents of the document. TEX. R. EVID. 1002; *Ruiz v. Ruiz*, No. 04-16-00016-CV, 2016 WL 7445121, at *2 (Tex. App.—San Antonio Dec. 28, 2016, no pet.) (mem. op.); *see also Prudential Ins. Co. of Am., Inc. v. Black*, 572 S.W.2d 379, 380 (Tex. App.—Houston [14th Dist.] 1978, no writ) ("The best evidence rule, as applied in Texas, mandates that the only competent evidence to prove the contents of a document is the document itself."). "The best evidence rule rests on the fact that a document is a more reliable, complete, and accurate source of information as to its contents and meaning than anyone's description." *State v. Chavera*, 386 S.W.3d 334, 337 (Tex. App.—San Antonio 2012, no pet.) ("One of the reasons the rule was developed at common-law is because parol testimony regarding the content of a writing is susceptible to human error.").

Here, contrary to his assertion on appeal, the trial court could have reasonably concluded Schumacher intended to prove the contents of the contract between himself and Trois through the objected statement. Absent exception, the contract itself is required to prove the contents of the contract. Schumacher has not pointed us to any exception that may relieve him of the requirements of the best evidence rule. Accordingly, we cannot say the trial court abused its discretion in granting Trois's best evidence objection and striking the complained of statement from Schumacher's affidavit.

## C. *Conclusory Statements and Statements Not Based on Personal Knowledge*

In the third and fourth paragraphs, Schumacher's affidavit states:

> Subsequently, I found out that Mr. Trois did not have the legal authority to convey to me the subject real property in Belize. Mr. Trois made false claims to

me regarding the ownership of the real property and never furnished a valid legal deed transferring ownership of the subject real property to me, despite my repeated requests for it.

The real property was in fact owned by other parties. The real property was the basis of a lawsuit in the Supreme Court of Belize in 2011 and 2013 and was resolved in July of 2014.

Trois objected to each sentence in these paragraphs on the grounds they were conclusory statements and not based on Schumacher's personal knowledge.

To defeat a summary judgment, an opposing affidavit must be made on personal knowledge and must affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. TEX. R. CIV. P. 166a(f); *see also Kerlin*, 274 S.W.3d at 668 (internal quotation marks omitted) ("To have probative value, an affiant must swear that the facts presented in the affidavit reflect [the affiant's] personal knowledge."). "This rule is not satisfied by a mere recital that the affiant is competent to make this affidavit and has personal knowledge of every statement contained in the affidavit." *Strong v. Jackson*, No. 04-04-00135-CV, 2005 WL 1458074, at *3 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (internal quotation marks omitted); *see also Kerlin*, 274 S.W.3d at 668 ("An affidavit showing no basis for personal knowledge is legally insufficient."). "Rather, the affiant's testimony must show how he is competent to testify to the matters set out in the affidavit[,] and the affiant must testify to facts rather than legal conclusions." *Strong*, 2005 WL 1458074, at *3.

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.). "Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions." *Id.*; *see also NB 2021 GP, LLC v. FM 725 LLC*, No. 04-23-00117-CV, 2024 WL 2947274, at *6 (Tex. App.—San Antonio June 12, 2024, no pet.) ("An affidavit that states only legal or factual conclusions without providing factual support is not proper

summary[ ]judgment evidence because it is not credible or susceptible to being readily controverted.").

In the first sentence of the third paragraph, Schumacher's affidavit asserts a legal conclusion that Trois "did not have the legal authority" to convey the property to him. In the next sentence, Schumacher's averments that Trois made false claims and "never furnished a valid legal deed" are also legal conclusions. Schumacher's first sentence in the fourth paragraph in his affidavit is a legal conclusion about who legally owned the property. Because these statements are legal conclusions rather than facts, they do not constitute competent summary judgment evidence.

Moreover, with the exception of Schumacher's statement that he did not receive a purported deed, Schumacher's affidavit does not show how his remaining statements in the third and fourth paragraphs are within his personal knowledge. *Strong*, 2005 WL 1458074, at *3; *Weech*, 392 S.W.3d at 826; *NB 2021 GP, LLC*, 2024 WL 2947274, at *6. Because he has not shown the basis for his personal knowledge, these statements constitute legally insufficient evidence. *See Kerlin*, 274 S.W.3d at 668. Schumacher's affidavit also fails to establish the basis for his personal knowledge for the statements concerning the lawsuit regarding the property that was resolved in the Supreme Court of Belize. *See id.*

Because we cannot say the trial court abused its discretion in excluding these statements from Schumacher's affidavit, Schumacher's first issue is overruled.

### SUMMARY JUDGMENT

As mentioned above, Trois met his summary judgment burden to show that he is the rightful owner of the painting. The burden then shifted to Schumacher to provide evidence raising a genuine issue of material fact. *See Lujan*, 555 S.W.3d at 84. The only evidence Schumacher

attached to his summary judgment response was his affidavit. We have already concluded the trial court did not abuse its discretion when it sustained Trois's objections to substantial portions of Schumacher's affidavit. After striking the inadmissible portions of the affidavit and those that are conclusory or not based on Schumacher's personal knowledge, the remainder of his affidavit states:

> My name is John Schumacher. I am at least 18 years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated in this affidavit. I have personal knowledge over each of the matters stated in this affidavit, and each of the matters stated in this affidavit are true and correct.

> I signed a Bill of Sale that traded a Robert Rauschenberg painting to Mr. Charles Trois, for a five (5) acre plot of land in Belize on December 3, 2010.

> This affidavit is submitted in support of Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and Severance herein for the purpose of showing that there [are] in this action genuine issues of material fact. As a result, I request that the Plaintiff's Motion for Partial Summary Judgment and for Severance be denied.

Even when viewed in the light most favorable to Schumacher, as we must, the admissible and competent portions of Schumacher's affidavit do not contest Trois's rightful ownership of the painting. Thus, Schumacher's affidavit fails to raise a genuine issue of material fact regarding ownership of the painting. Rather, the only substantive statement left in the affidavit is that Schumacher traded the painting to Trois in 2010. This statement supports Trois's contention that he is the owner of the painting as a matter of law. Because Trois met his summary judgment burden showing he is the rightful owner of the painting—and Schumacher failed to raise a genuine issue of material fact contesting Trois's rightful ownership of the painting—the trial court did not err when it granted summary judgment and declared Trois to be the sole, rightful owner of the painting.

Accordingly, Schumacher's second issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice